ALTENBERND, Judge.
David Del Valle, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that appellate counsel was ineffective in failing to argue that the then standard jury instruction for manslaughter by act[1] that was given to the jury in his trial for second-degree murder with a weapon constituted fundamental error. We agree, and we reverse Mr. Del Valle’s second-degree murder conviction, vacate the sentence, and remand for a new trial.
The offense of second-degree murder is only one step removed from the necessarily lesser-included offense of manslaughter. State v. Montgomery, 39 So.3d 252, 259 (Fla.2010). Manslaughter may be committed in one of three ways: by act, by procurement, or by culpable negligence. Id. at 256; see also § 782.07(1), Fla. Stat. (2006). In the present case, the trial court instructed the jury on manslaughter by act only. The court instructed the jury in pertinent part that in order to convict Mr. Del Valle of manslaughter, the State had to prove that the victim’s death “was intentionally caused by Mr. Del Valle.” This instruction corresponded with the then standard jury instruction for manslaughter by act. Mr. Del Valle did not object to the instruction.
This court affirmed Mr. Del Valle’s judgment and sentence. Del Valle v. State, 19 So.3d 990 (Fla. 2d DCA 2009) (table decision). Over three months prior to the filing of the initial brief in Del Valle, the First District in Montgomery v. State, - So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), reversed Montgomery’s conviction for second-degree murder and remanded *18 for a new trial, holding that the standard jury instruction improperly imposed an additional element of intent to kill on the offense of manslaughter by act and was therefore fundamentally erroneous. No case had previously so held. In Hall v. State, 951 So.2d 91, 96 (Fla. 2d DCA 2007) (en banc), an opinion that preceded Montgomery, this court concluded that “a conviction for manslaughter by act does not require an intent to kill but only an intentional act that causes the death of the victim.” Notably, the Hall court stated in dicta:
We are also aware that the standard jury instruction for manslaughter by act requires a finding that the defendant “intentionally caused the death of’ the victim. Fla. Std. Jury Instr. (Crim.) 7.7. We do not read this instruction to require an intent to kill, however. We read this instruction to require an intentional act that “caused the death of’ the victim.
Id. Thus, at the time of Mr. Del Valle’s direct appeal, this court did not consider the manslaughter by act instruction to be erroneous, let alone fundamentally erroneous.
This court subsequently certified conflict with the First District’s Montgomery decision in Zeigler v. State, 18 So.3d 1239, 1244-45 (Fla. 2d DCA 2009), wherein we held that the manslaughter by act instruction when considered as a whole was not erroneous. The Zeigler court noted that the holding of Montgomery conflicted with the above dicta in Hall. Id. at 1244. The supreme court granted review of the Montgomery decision in State v. Montgomery, 11 So.3d 943 (Fla.2009) (table decision). This occurred prior to the filing of the initial brief in Del Valle. The supreme court in Montgomery, 39 So.3d at 259 (Fla.2010), held:
Because Montgomery’s conviction for second-degree murder was only one step removed from the necessai’ily lesser included offense of manslaughter, under Pena v. State, 901 So.2d 781 (Fla.2005), fundamental error occurred in his case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill Ellis.
Thus, the supreme court effectively overruled this court’s decision in Zeigler.
To establish a claim of ineffective assistance of appellate counsel, the petitioner must show counsel’s deficient performance and that “ ‘the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.’ ” Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1165 (Fla.1985)). This court must apply the law at the time of the appeal in determining whether appellate counsel’s performance was deficient. However, we must apply the current law to determine whether Mr. Del Valle is entitled to relief. See Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009). Even though at the time the initial brief was filed in Del Valle, this court in Hall had stated in dicta that the then standard manslaughter by act instruction was not erroneous, the First District in Montgomery had held that the instruction was fundamentally erroneous and the supreme court had accepted jurisdiction to review that decision. We therefore hold that appellate counsel’s performance was deficient when he failed to argue that the manslaughter by act instruction was fundamentally erroneous based on the First District’s Montgomery decision. Had counsel so argued, this court would have affirmed Mr. Del Valle’s conviction *19 for second-degree murder; however, as we did in Zeigler, we would have been compelled to certify conflict with Montgomery, and we can only conclude that Mr. Del Valle would have ultimately been afforded relief as part of the direct appeal process. Under the current law, Mr. Del Valle is entitled to have his conviction set aside. Because a new appeal would be redundant in this instance, we reverse Mr. Del Valle’s second-degree murder conviction, vacate the sentence, and remand for a new trial. See Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004).
Petition granted.
DAVIS and KHOUZAM, JJ., Concur.

. The supreme court has amended the manslaughter by act instruction on an interim basis. See In re Amends. to Std. Jury Instrs. In Crim. Cases-Instr. 7.7, 41 So.3d 853 (Fla.2010).