PER CURIAM.
Bryan Curry, in the sole ground in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), contends that his appellate counsel was ineffective in *154 failing to argue that the then standard jury instruction for manslaughter by act that was given to the jury in his second-degree murder trial constituted fundamental error.[1] We agree, and as we did in Del Valle v. State, 52 So.3d 16, 16 (Fla. 2d DCA 2010), we reverse Curry’s murder conviction, vacate the sentence, and remand for a new trial.
After a jury trial Curry was convicted of second-degree murder as charged in the information. The victim was Curry’s girlfriend. She had been strangled, and her body was found floating in a retention pond. The State presented testimony at trial that the night before the body was found, Curry and the victim had been arguing about his drug usage. The State also presented evidence of incriminating statements made by Curry. At the jury charge conference, trial counsel requested that the jury not be instructed on any lesser-included offenses of second-degree murder. However, the prosecutor requested that the trial court instruct on the lesser-included offense of manslaughter, and the trial court agreed.
As this court stated in Del Valle, 52 So.3d at 17:
The offense of second-degree murder is only one step removed from the necessarily lesser-included offense of manslaughter. State v. Montgomery, 39 So.3d 252, 259 (Fla.2010). Manslaughter may be committed in one of three ways: by act, by procurement, or by culpable negligence. Id. at 256; see also 782.07(1), Fla. Stat. (2006).[2]
When the trial court indicated that it would give a manslaughter instruction, Curry’s trial counsel argued that the jury should be instructed on only one of the three ways of committing manslaughter. The prosecutor then selected the manslaughter by act instruction. When asked by the trial court if she was requesting an instruction on manslaughter by culpable negligence, trial counsel stated that she was not.
Montgomery v. State, — So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), was the first case to hold that the then standard instruction improperly imposed an additional element of intent to kill on the offense of manslaughter by act and that it was therefore fundamentally erroneous. In Hall v. State, 951 So.2d 91, 96 (Fla. 2d DCA 2007) (en banc), this court held that “a conviction for manslaughter by act does not require an intent to kill, but only an intentional act that causes the death of the victim.” We stated:
We are also aware that the standard jury instruction for manslaughter by act requires a finding that the defendant “intentionally caused the death of’ the victim. Fla. Std. Jury Instr. (Crim.) 7.7. We do not read this instruction to require an intent to kill, however. We read this instruction to require an intentional act that “caused the death of’ the victim.

Id.

Hall issued prior to the filing of the direct appeal in the present case. Montgomery issued on February 12, 2009, which was after the filing of the initial brief in Curry’s direct appeal but almost two months prior to the filing of the an *155 swer brief. This court subsequently certified conflict with the First District’s Montgomery decision in Zeigler v. State, 18 So.3d 1239, 1244-45 (Fla. 2d DCA 2009), wherein we held that the manslaughter by act instruction when considered as a whole was not erroneous. The Zeigler court, id. at 1244, noted that the holding of Montgomery conflicted with the above dicta in Hall. Zeigler, however, was effectively overruled by the supreme court’s Montgomery decision. In Ortiz v. State, 905 So.2d 1016, 1017 (Fla. 2d DCA 2005), this court held that appellate counsel performed deficiently in failing to seek supplemental briefing in order to present argument based on a Fourth District case that issued subsequently to the filing of the initial brief in the direct appeal but prior to the filing of the answer brief. Thus, pursuant to Ortiz, appellate counsel’s performance was deficient when she did not argue, based on the holding of Montgomery, that the manslaughter by act instruction was fundamentally erroneous.
As this court noted in Del Valle, 52 So.3d at 18:
To establish a claim of ineffective assistance of appellate counsel, the petitioner must show counsel’s deficient performance and that “ ‘the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.’ ” Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1165 (Fla.1985)).
In the present case, as in Del Valle, we hold that Curry was prejudiced by counsel’s deficient performance because had counsel argued, based on the First District’s decision in Montgomery, that the manslaughter by act instruction was fundamentally erroneous, we would have been compelled to certify conflict with Montgomery, and we can only conclude that Curry would have been afforded relief as part of the direct appeal process.
In holding that appellate counsel rendered ineffective assistance, we reject the State’s contention that Curry waived the fundamental error in the manslaughter by act instruction by agreeing to that instruction and advising against giving the manslaughter by culpable negligence instruction, thereby precluding the jury from finding him guilty of the non-erroneous option.[3] The court in Joyner v. State, 41 So.3d 306, 307 (Fla. 1st DCA 2010), held that Joyner waived the fundamental error in the manslaughter by act instruction where he specifically agreed to the instruction at the jury charge conference and also incorporated the instruction into his closing argument. Here, Curry specifically requested that the trial court not instruct the jury on any of the lesser-included offenses of second-degree murder, and when the trial court indicated that it was going to instruct on manslaughter, Curry argued that the jury should be instructed on only one of the three ways of committing manslaughter. Curry did not agree to the *156 manslaughter by act instruction, and he did not incorporate it into his closing argument.[4] Furthermore, Curry did not waive the fundamental error in the manslaughter by act instruction by requesting that the trial court not instruct on manslaughter by culpable negligence. The evidence arguably did not support a culpable negligence theory of manslaughter, and the prosecutor could have requested that the jury be instructed on both theories if he felt both were applicable based on the evidence presented at trial.
Accordingly, we grant the petition. Because a new appeal would be redundant in this case, we reverse Curry’s second-degree murder conviction, vacate the sentence, and remand for a new trial. See Del Valle, 52 So.3d at 19.
Petition granted.
KELLY, CRENSHAW, and BLACK, JJ., Concur.

. The supreme court has amended the manslaughter by act instruction on an interim basis. See In re Amendments to Standard Jury Instructions in Criminal Cases-Instruction 7.7, 41 So.3d 853 (Fla.2010).

. In the present case, the victim was killed in December 2004. However, the language contained in section 782.07(1), Florida Statutes (2004), is identical to that contained in the 2006 statute.

. As we stated in Del Valle, 52 So.3d at 18, “[t]his court must apply the law at the time of the appeal in determining whether appellate counsel’s performance was deficient.” However, in order to determine whether a petitioner is entitled to relief, we must apply the current law. Since the supreme court’s decision in Montgomery, this court has held that the manslaughter by act instruction was not fundamentally erroneous when the jury was also instructed on the culpable negligence theory of manslaughter. Haygood v. State, 54 So.3d 1035, 1038 (Fla. 2d DCA 2011) (certifying a question regarding whether the error in the manslaughter by act instruction is fundamental when the jury was also instructed on manslaughter by culpable negligence but the evidence did not support that theory); Barros-Dias v. State, 41 So.3d 370, 372 (Fla. 2d DCA 2010).

. Curry argued to the jury that the State did not prove beyond a reasonable doubt that he was the person who strangled the victim. He did not discuss the offense of manslaughter.