ORFINGER, C.J.
In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Evangelista Lopez alleges that his appellate counsel was ineffective for failing to argue that the standard jury instruction for manslaughter by act given to the jury in his first-degree murder trial constituted fundamental error. We agree and grant Lopez’s petition.
Lopez was charged with first-degree murder. The jury was instructed on that crime, second-degree murder, manslaughter by act and several other lesser offenses. The jury found Lopez guilty of second-degree murder. The offense of second-degree murder is one step removed from the necessarily lesser-included offense of manslaughter. State v. Montgomery, 39 So.3d 252, 259 (Fla.2010). With respect to that lesser offense, the court instructed the jury, in pertinent part, that in order to convict Lopez of manslaughter, the State had to prove that the victim’s death “was intentionally caused by Mr. Lopez.” This instruction corresponded with the then standard jury instruction for manslaughter by act.[1] Lopez did not object to the instruction.
This Court affirmed Lopez’s judgment and sentence on direct appeal. Lopez v. State, 29 So.3d 1135 (Fla. 5th DCA 2010). Although no issue concerning the manslaughter jury instruction was raised in the appeal, six months before the initial brief in Lopez’s direct appeal was filed, the First District Court of Appeal, in Montgomery v. State, 70 So.3d 603, 2009 WL 350624 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), held that the standard manslaughter by act jury instruction, the same instruction given at Lopez’s trial, improperly imposed an additional element of intent to kill and was therefore fundamentally erroneous. No court had previously so held. To the contrary, this Court, in Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987), quashed in part on other grounds, 523 So.2d 152 (Fla.1988), had approved the standard manslaughter by act jury instruction and was the controlling law in this district at the time that counsel filed Lopez’s initial brief. Although the First District’s Montgomery opinion certified conflict with Barton, that conflict was not brought to this Court’s attention in the direct appeal.
To establish a claim of ineffective assistance of appellate counsel, a petitioner must show counsel’s deficient performance and that “the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.” Wilson v. Wainwright, 474 So.2d 1162, 1165 (Fla.1985). An appellate court must apply the law at the time of the appeal in determining whether ap *334 pellate counsel’s performance was deficient. However, we apply current law to determine whether Lopez is entitled to relief. See Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009).
Recently, in Del Valle v. State, 52 So.3d 16 (Fla. 2d DCA 2010), the Second District Court of Appeal reversed Del Valle’s second-degree murder conviction, holding that appellate counsel provided ineffective assistance by failing to argue that the trial court committed fundamental error in giving the jury the then standard jury instruction for manslaughter by act. The Del Valle court acknowledged that its existing precedent, at least inferentially, would have compelled a result contrary to that reached by the First District in Montgomery. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007) (en banc). However, because of the conflict, Del Valle would have been able to seek relief in the supreme court and would have been in the pipeline when the supreme court issued Montgomery. Del Valle, 52 So.3d at 18-19. That is the same argument Lopez makes now.
We agree with the reasoning of Del Valle, and find that it is consistent with precedent of this Court. For example, in Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006), this Court held that the defendant’s appellate counsel was ineffective for failing to argue that an erroneous jury instruction, given at the defendant’s murder trial, constituted fundamental error, even though there was no objection to the instruction. As in this case, the State argued that the defendant relied on a case that did not have retroactive effect. We found that argument unpersuasive in Granberry, and we find it equally unpersuasive now because “the law at the time of appeal applies when determining whether appellate counsel was ineffective.” 919 So.2d at 701.
We recognize that appellate counsel is not required to anticipate changes in the law. See Walton v. State, 847 So.2d 438 (Fla.2003); Gervasoni v. State, 766 So.2d 478 (Fla. 5th DCA 2000). In Alvord v. State, 396 So.2d 184, 191 (Fla.1981), our supreme court explained that “[t]he ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law.” Still, as we said in Granberry, “there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal.” 919 So.2d at 701; see Shabazz v. State, 955 So.2d 57 (Fla. 1st DCA 2007) (holding appellate counsel ineffective for failing to raise favorable cases from other districts in Florida even though controlling law in district in which appeal was heard was unfavorable); Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005) (determining that appellant’s counsel’s failure to request supplemental briefing on favorable appellate decision from other district court constituted ineffective assistance of counsel); Whatley v. State, 679 So.2d 1269 (Fla. 2d DCA 1996) (determining that although issue was not completely settled, counsel was ineffective for failing to cite favorable binding case law from another district in effect at time of pending appeal); McCann v. Moore, 763 So.2d 556 (Fla. 4th DCA 2000) (granting belated appeal as counsel had ample time to call favorable decision from another district to court’s attention, but failed to do so); Ford v. Singletary, 689 So.2d 392 (Fla. 3d DCA 1997) (holding that counsel was ineffective for failing to bring new supreme court decision to court’s attention when it expressly applied to pipeline cases).
*335 In this case, before Lopez’s initial appellate brief was filed, the First District, in Montgomery, certified conflict with this Court’s Barton decision and the supreme court had accepted the matter for review. Lopez’s appellate counsel was tasked with being aware of these matters. Under these circumstances, and for the reasons articulated in Granberry, we conclude that Lopez is entitled to relief. As in Del Valle, we conclude a new appeal would be redundant. Hence, we vacate Lopez’s second-degree murder conviction and remand for a new trial.
REVERSED and REMANDED.
PALMER, J., concurs.
LAWSON, J., concurs specially, with opinion.

. The trial court instructed the jury on manslaughter by act only.