NORTHCUTT, Judge.
 

 Alejandro Ferrer was charged with first-degree premeditated murder and was convicted after a jury trial of the lesser-included offense of second-degree murder with a weapon. This court affirmed the judgment and sentence.
 
 Ferrer v. State,
 
 44 So.3d 586 (Fla. 2d DCA 2010). In the sole ground in the petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Ferrer contends that appellate counsel was ineffective in failing to argue that the then-standard manslaughter by act instruction that was read to the jury was fundamentally erroneous because it imposed an additional element of an intent to kill. We agree and reverse Ferrer’s second-degree murder conviction, vacate the sentence, and remand for a new trial.
 

 Both second-degree murder and manslaughter are category one lesser-included offenses of first-degree murder.
 
 State v. Montgomery,
 
 39 So.3d 252, 259 n. 4 (Fla. 2010). As such, the trial court was required to instruct the jury on both second-degree murder and manslaughter.
 
 See id.
 
 at 259. Manslaughter may be committed in one of three ways: by act, by procurement, or by culpable negligence.
 
 Id.
 
 at 256. In the present case, the evidence presented at trial indicated that the victim had been stabbed multiple times. The trial court instructed the jury on the lesser-included offense of manslaughter by act and did not instruct on manslaughter by procurement or culpable negligence. The jury was instructed as follows:
 

 Manslaughter. To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 One, Colin Zieler is dead. Two, Alejandro Ferrer intentionally caused the death of Colin Zieler.
 

 This was the standard instruction at the time of trial, and there was no objection to the instruction.
 

 Because Ferrer’s conviction for second-degree murder was only one step removed from the lesser-included offense of manslaughter, the manslaughter by act instruction given to the jury is fundamentally erroneous under the holding of
 
 Montgomery
 
 because it improperly imposed an additional element of an intent to kill.
 
 See id.
 
 In
 
 Montgomery,
 
 the supreme court approved of the decision of the first district in
 
 Montgomery v. State,
 
 70 So.3d 603, 2009 WL 350624 (Fla. 1st DCA 2009), which was the first case to hold that the then-standard manslaughter by act instruction was fundamentally erroneous because it imposed an additional element of an intent to kill. The Florida Supreme Court accepted jurisdiction of the First District’s decision in May of 2009.
 
 State v. Montgomery,
 
 11 So.3d 943 (Fla.2009). In October of 2009, this court in
 
 Zeigler v. State,
 
 18 So.3d 1239, 1243-45 (Fla. 2d DCA 2009), held that the then-standard manslaughter by act instruction, when
 
 *362
 
 considered as a whole, was not fundamentally erroneous. The initial brief in the direct appeal in the present case was filed in April of 2010, which was after the supreme court accepted review of
 
 Montgomery
 
 but also after the issuance of
 
 Zeigler.
 
 Three days after the filing of the initial brief, the Florida Supreme Court issued its
 
 Montgomery
 
 opinion approving of the First District’s decision and effectively disapproving of
 
 Zeigler.
 

 Our decision in this case is governed by our holding in
 
 Del Valle v. State,
 
 52 So.3d 16 (Fla. 2d DCA 2010). Following a jury trial, Del Valle was convicted of second-degree murder.
 
 Id.
 
 at 17. He too filed a petition alleging that appellate counsel was ineffective in failing to argue that the then-standard jury instruction for manslaughter by act that was given at trial was fundamentally erroneous. Three months prior to the filing of the initial brief in Del Valle’s direct appeal, the First District issued its
 
 Montgomery
 
 decision.
 
 Id.
 
 at 17-18. At the time the initial brief was filed, this court had stated in dicta in
 
 Hall v. State,
 
 951 So.2d 91, 96 (Fla. 2d DCA 2007) (en banc), that the manslaughter by act instruction was not erroneous. 52 So.3d at 18. The
 
 Zeigler
 
 court relied on the reasoning of
 
 Hall. Zeigler
 
 18 So.3d at 1243-44. This court held that Del Valle’s counsel was ineffective in failing to argue that the manslaughter by act instruction was fundamentally erroneous based on the First District’s
 
 Montgomery
 
 decision.
 
 Del Valle,
 
 52 So.3d at 18. We concluded that had counsel so argued, we would have affirmed Del Valle’s second-degree murder conviction and certified conflict with
 
 Montgomery
 
 and Del Valle would have ultimately been afforded relief as part of the direct appeal process.
 
 Id.
 
 at 18-19. We reach the same conclusion in the present case, particularly since, in this instance, appellate counsel should have been aware prior to the filing of the initial brief that the supreme court had accepted jurisdiction of
 
 Montgomery
 
 and that a decision was pending.
 

 We therefore hold that appellate counsel was ineffective in failing to argue that the then-standard manslaughter by act instruction was fundamentally erroneous because it included an additional element of intent to kill. Because a new appeal would be redundant in this case, we reverse Ferrer’s conviction for second-degree murder with a weapon, vacate the sentence, and remand for a new trial.
 
 See Del Valle,
 
 52 So.3d at 19.
 

 Petition granted.
 

 ALTENBERND and KHOUZAM, JJ., Concur.