COHEN, J.
Frank White appeals his conviction of second-degree murder with a firearm and attempted robbery.[1] The only issue raised on appeal is whether the jury instruction on manslaughter by procurement was fundamental error. No error is assigned as to the attempted robbery conviction.
White and an accomplice, Trent Harris, were robbing individuals seeking to purchase drugs at a location well-known for drug sales. The victim, who apparently intended to purchase drugs, drove his vehicle to this location where he was accosted by White and Harris. During the course of the attempted robbery, Harris shot the victim in the neck and back, killing him.
Based on White’s role in the offense, the trial court instructed the jury, without objection, on manslaughter by procurement as a lesser included offense to the first-degree murder charge. White argues that the instruction was erroneous and constituted fundamental error.
In Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987), we examined manslaughter by act in the context of a double jeopardy challenge. In dicta, we stated, “The words ‘act’ and ‘procurement’ obviously refer to acts evidencing an intent to kill, as required at common law for voluntary manslaughter.” Id. at 641. While defendants charged with voluntary manslaughter, as in Barton, have argued that it required a showing of an intent to kill, defendants charged with first or second-degree murder, seeking to give the jury the option of a lesser included offense, have argued the opposite: that intent to kill was not an element of the offense.
In Montgomery v. State, 70 So.3d 603, 606-07 (Fla. 1st DCA 2009), the First District ruled that manslaughter by act “requires only an intentional unlawful act, rather than an intent to kill[,]” and certified conflict with Barton. The supreme court accepted jurisdiction and, in State v. Montgomery, 39 So.3d 252, 256 (Fla.2010), ruled that under Florida law, the crime of manslaughter by act does not require proof of an intent to kill. Critical to this analysis was the court’s observation that:
[I]mpos[ing] such a requirement on a finding of manslaughter by act would blur the distinction between first-degree murder and manslaughter. Moreover, it would impose a more stringent finding of intent upon manslaughter than upon second-degree murder, which, like manslaughter, does not require proof that the defendant intended to kill the victim.
Id. However, Montgomery did not address manslaughter by procurement.
*210 Section 782.07(1), Florida Statutes (2010), defines manslaughter as follows:
The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
At the time of White’s trial, the standard jury instructions on manslaughter by procurement provided in relevant part:
To prove the crime of [mjanslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
[[Image here]]
2.b. (Defendant^[2]] intentionally procured the death of (victim).
[[Image here]]
To “procure” means to persuade, induce, prevail upon or cause a person to do something.
Fla. Std. Jury Instr. (Crim.) 7.7. White suggests that instruction suffers from the same defect found in Montgomery. We agree.
 The standard jury instruction for manslaughter by procurement required the State to prove that White procured the death of the victim. While we agree with the State’s position that procurement requires an intentional act, as instructed, it is the victim’s death being procured. The average juror would likely interpret the instruction as requiring a finding that, in advance of the actual killing, the defendant intentionally persuaded, induced, prevailed upon, or caused a person to kill. The purpose of the procurement was to effect the death of another. As was the case in Montgomery, this instruction blurs the distinction between manslaughter by procurement and premeditated first-degree murder, and imposes a more stringent finding of intent than upon that of second-degree murder. In Montgomery, the supreme court found “the relevant intent is the intent to commit an act which caused death[.]” 39 So.3d at 257. We agree with White that what is procured under manslaughter by procurement is an act that results in the victim’s death.[3] That was not what the jury was asked to determine. Instead, the jury was asked to decide whether White procured the death of the victim, in effect, requiring the jury find that White intended the victim’s death. Consequently, we feel bound by the analysis in Montgomery to find that, despite the lack of a contemporaneous objection, the error was fundamental.
AFFIRMED IN PART, REVERSED IN PART; and REMANDED for a new trial on the second-degree murder charge.
ORFINGER, C.J., and JACOBUS, J„ concur.

. White was originally charged with first-degree murder with a firearm, attempted robbery with a firearm, robbery with a firearm, and possession of a firearm by a minor.

. The trial court added "or his principal” to the instruction.

. We are aware that in April 2010, the Florida Supreme Court authorized, on an interim basis, the publication and use of an amended jury instruction on manslaughter by procurement. In re Amendments to Standard Jury Instructions in Criminal Cases-Instruction 7.7, 41 So.3d 853 (Fla.2010), reh'g denied (July 22, 2010). The relevant instruction now reads: "2.b. (Defendant) procured the death of (victim).” Id. at 854. The supreme court does not warrant the correctness of standard jury instructions.