DAVIS, Judge.
David Banek was charged with attempted first-degree murder with a weapon. A jury convicted him of the lesser-included offense of attempted second-degree murder with a weapon. This court affirmed the judgment and sentence. See Banek v. State, 11 So.3d 945 (Fla. 2d DCA 2009) (unpublished table decision). Banek subsequently filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(d), alleging solely that appellate counsel was ineffective for failing to argue that the standard jury instruction for attempted manslaughter by act, also known as attempted voluntary manslaughter, constituted fundamental error because it improperly imposed an additional element of an intent to kill. We agree, and we reverse Banek’s attempted second-degree murder conviction, vacate the sentence, and remand for new trial.
The evidence presented at trial showed that Banek stabbed the victim with a knife numerous times in the chest. The victim also was stabbed in the hand, lip, and face. As part of the jury charge, the trial court instructed the jury on attempted second-degree murder and attempted manslaughter by act, as both are category one lesser-included offenses of attempted first-degree premeditated murder. See Fla. Std. Jury Instr. (Crim.) 6.2. With regard to attempted manslaughter, the jury was instructed as follows:
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt:
David Banek committed an act, which was intended to cause the death of Jerome Clark and would have resulted in the death of Jerome Clark, except that someone prevented David Banek from *764 killing Jerome Clark or he failed to do so.
This was the standard jury instruction at the time of trial and still is today. See Fla. Std. Jury Instr. (Crim.) 6.6.[1]
Subsequent to the resolution of the direct appeal in this case, this court has held that the standard attempted manslaughter by act jury instruction constitutes fundamental error. See Houston v. State, — So.3d - (Fla. 2d DCA 2011); Gonzalez v. State, 40 So.3d 60 (Fla. 2d DCA 2010). Both Houston and Gonzalez were based on the Florida Supreme Court’s opinion in State v. Montgomery, 39 So.3d 252 (Fla.2010).
In Montgomery, the Florida Supreme Court approved the First District’s decision in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), which was the first case to hold that the then-standard manslaughter by act instruction was fundamentally erroneous because it imposed an additional element of intent to kill. 39 So.3d at 254. In the direct appeal in the present case, the initial brief was filed on December 16, 2008, and the answer brief was filed on January 5, 2009-both prior to the issuance of the First District’s Montgomery opinion. However, because our per curiam affirmance in Banek did not issue until three months after the issuance of the First District’s opinion, appellate counsel should have sought to file a supplemental brief. See Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005).
In Ortiz, this court concluded that appellate counsel performed deficiently in failing to seek supplemental briefing in order to argue that there was fundamental error in the justifiable use of deadly force instruction. 905 So.2d at 1017. This court’s conclusion was based on two Fourth District cases that issued subsequent to Ortiz filing his initial brief in his direct appeal but prior to the filing of the answer brief. This court reasoned that although the Fourth District’s opinions “ ‘were not available to appellate counsel prior to the completion of her initial Anders brief ..., she should have been aware of them and could have filed a motion to file a supplemental brief.’ ” Id. at 1017 (quoting York v. State, 891 So.2d 569, 571 (Fla. 2d DCA 2004)).
In the present case, even though the First District’s Montgomery opinion issued subsequent to the filing of both the initial and answer briefs, we conclude that appellate counsel performed deficiently in failing to seek supplemental briefing on the issue of whether the attempted manslaughter by act instruction was fundamentally erroneous.[2] Counsel should have been aware of the First District’s Montgomery opinion and should have sought to argue that the standard attempted manslaughter by act instruction that was given in the present case was fundamentally er *765 roneous based on the reasoning applied in Montgomery.
We do note that prior to the issuance of the First District’s Montgomery opinion, this court in Hall v. State, 951 So.2d 91, 96 (Fla. 2d DCA 2007) (en banc), held “that a conviction for manslaughter by act does not require an intent to kill but only an intentional act that causes the death of the victim.” This court’s Hall opinion also included dicta stating that “[a]n intent to kill is required to commit an attempted manslaughter.” Id. Subsequent to the issuance of the mandate in the direct appeal in the present case, this court specifically held that the manslaughter by act instruction was not erroneous when considered as a whole, and we certified conflict with the First District’s opinion in Montgomery. See Zeigler v. State, 18 So.3d 1239, 1244-45 (Fla. 2d DCA 2009).
However, in Del Valle v. State, 52 So.3d 16, 18 (Fla. 2d DCA 2010), this court recognized that in Montgomery, “the supreme court effectively overruled this court’s decision in Zeigler.” Thus this court held that appellate counsel was ineffective in failing to argue based on the First District’s Montgomery decision that the then-standard manslaughter by act instruction was fundamentally erroneous even though the Hall court did not consider the instruction to be erroneous at all. Del Valle, 52 So.3d at 17-19. We concluded in Del Valle that had counsel made such an argument we would have been compelled to certify conflict with Montgomery, as we did in Zeigler, and that Mr. Del Valle would have ultimately been afforded relief as part of the direct appeal process. 52 So.3d at 19. In the present case, we presume that had counsel argued in a supplemental brief that the attempted manslaughter by act instruction constituted fundamental error, this court would have certified conflict with the First District’s Montgomery decision and Banek would have ultimately been afforded relief as part of the direct appeal process.
To establish a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel’s performance was deficient and that “ ‘the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.’ ” Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985)). Here, we conclude that counsel’s failure to seek permission to file a supplemental brief on the issue of fundamental error in the attempted manslaughter by act instruction did compromise the appellate process to the extent that we cannot be confident in the fairness and correctness of the result of the direct appeal.
We therefore conclude that counsel rendered ineffective assistance in this case and that under the current law Banek is entitled to have his conviction set aside. Because a new appeal would be redundant in this case, we reverse Banek’s conviction for attempted second-degree murder with a weapon, vacate the sentence imposed, and remand for a new trial. See Del Valle, 52 So.3d at 19.
Petition granted.
SILBERMAN, C.J., and LaROSE, J., Concur.

. The Florida Supreme Court currently has before it a proposal of the Supreme Court Committee on Standard Jury Instructions in Criminal Cases to amend the standard jury instruction on attempted voluntary manslaughter by removing the phrase "intended to cause the death of (the victim)” and adding the word "intentionally" before "committed an act.” See Florida Supreme Court Publication Notice, available at http://www.florida supremecourt.org/decisions/probin/sc 10-2434_PublicationNotice.pdf. If this proposal is approved by the supreme court the new standard jury instruction on attempted voluntary manslaughter would read as follows: “(Defendant) intentionally committed an act which would have resulted in the death of (victim) except someone prevented (defendant) from killing (victim) or [he] [she] failed to do so.” Id.

. We must conclude that this court would have permitted counsel to file a supplemental brief on this issue.