PER CURIAM.
Shara N. Cooper has filed a petition which claims that she received ineffective assistance of appellate counsel in her direct appeal in Cooper v. State, 45 So.3d 490 (Fla. 4th DCA 2010). Because petitioner demonstrates that appellate counsel failed to raise an issue which the Florida Supreme Court has held constitutes fundamental error that is per se reversible and not subject to harmless error analysis, we grant the petition.
A jury convicted petitioner of second-degree murder. The court instructed the jury regarding the lesser-included offense of manslaughter by act using the same standard jury instruction that was held to be defective in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010). The erroneous instruction provided that to prove manslaughter by act the State had to prove that defendant “intentionally caused” the death of the victim. Because the erroneous instruction made it more difficult to establish the lesser-included offense that was only one step removed from the second-degree murder conviction, the Florida Supreme Court held that use of the instruction constituted fundamental error, not subject to harmless error analysis, and required a new trial as to the murder count. 39 So.3d at 359.
As in Montgomery, the jury in petitioner’s case was given the same erroneous standard jury instruction and the jury convicted petitioner of second-degree murder, an offense only one step removed from manslaughter.[1] The jury convicted petitioner of other offenses which are not at issue and which are not impacted by this proceeding.
The initial brief in petitioner’s appeal was filed more than three months after the First District Court of Appeal decided Montgomery. The Florida Supreme Court issued its opinion in Montgomery while petitioner’s case remained in the pipeline, that is, before this court had decided petitioner’s appeal.
We agree with the various appellate decisions holding that appellate counsel was ineffective in failing to have raised the Montgomery issue under similar circumstances. Ferrer v. State, 69 So.3d 360 (Fla. 2d DCA 2011); Lopez v. State, 68 So.3d 332 (Fla. 5th DCA 2011); Curry v. State, 64 So.3d 152 (Fla. 2d DCA 2011); Hodges v. State, 64 So.3d 142 (Fla. 5th DCA 2011); Del Valle v. State, 52 So.3d 16 (Fla. 2d DCA 2010); Toby v. State, 29 So.3d 1138 (Fla. 1st DCA 2009).
Because a new appeal would be redundant in this case, we reverse the conviction for second-degree murder, vacate the sentence on that count, and remand for a new *1000 trial or plea negotiations. See, e.g., Ferrer, 69 So.3d at 362; Del Valle, 62 So.3d at 19. Petitioner’s other convictions in this case are not impacted by this decision.

Petition granted.

MAY, C.J., WARNER and CIKLIN, JJ., concur.

. The standard manslaughter by act jury instruction has since been corrected. See In re Amends. to Std. Jury Instrs. In Crim. Cases-Instr. 7.7, 41 So.3d 853 (Fla.2010); In re Amends, to Std. Jury Instrs. In Crim. Cases-Instr. 7.7, 75 So.3d 210 (Fla.2011). In 2008, before Montgomery, the instruction was changed to include language clarifying that ‘‘only an intent to commit an act which caused death” is required. In re Std. Jury Instrs. in Crim. Cases-Report No. 2007-10, 997 So.2d 403 (Fla.2008). The Second District Court of Appeal has held that the 2008 version of the instruction did not require intent to kill and was not fundamentally erroneous. Daniels v. State, 72 So.3d 227 (Fla. 2d DCA 2011), rev. granted, 79 So.3d 744 (Fla. Feb.3, 2012). Petitioner was tried in February 2008 before the December 2008 effective date of the amended instruction. In petitioner's case, the jury was given the same jury instruction at issue in Montgomery.