PER CURIAM.
We reconsider on remand our opinion in Bonilla v. State, 23 So.3d 1256 (Fla. 3d DCA 2009), which was quashed by the Supreme Court of Florida following its decision in Bonilla v. State, 75 So.3d 233 (Fla.2011). Pursuant to that mandate we grant Bonilla’s habeas corpus petition and remand for a new trial.
Rodrigo Bonilla was charged with second-degree murder. During his 2007 trial, the jury was given a faulty, pre-2008-amendment, manslaughter instruction. See In re Amends, to Std. Jury Instrs. In Crim. Cases—Instr. 7.7, 41 So.3d 853 (Fla.2010). There was no contemporaneous objection. Bonilla was found guilty of second-degree murder, as charged.
Bonilla’s appeal from that conviction was pending at the time that the First District Court of Appeal decided Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), affd, 39 So.3d 252 (Fla.2010). However, appellate counsel did not raise that issue in Bonilla’s appeal. This Court affirmed the conviction. Bonilla v. State, 19 So.3d 431 (Fla. 3d DCA 2009).
Thereafter, Bonilla filed a petition for habeas corpus seeking relief under Montgomery. We denied relief, but certified conflict with that decision. Following its opinion in State v. Montgomery, 39 So.3d 252 (Fla.2010), the Supreme Court of Florida quashed the decision and remanded the case.
We conclude that Bonilla is entitled to relief under Montgomery, 39 So.3d 252, because appellate counsel rendered ineffective assistance and “the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and cor *1223 rectness of the appellate result.” Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985)). As Bonilla was “convicted of second-degree murder after the jury was erroneously instructed on the lesser included offense of manslaughter!,]” he is entitled to relief under Montgomery. 39 So.3d at 258.
The issue should have been raised on appeal. See Lopez v. State, 68 So.3d 332 (Fla. 5th DCA 2011); Del Valle v. State, 52 So.3d 16 (Fla. 2d DCA 2010). The issue was not meritless and, had counsel raised it on appeal, this Court would have, at a minimum, affirmed and certified conflict with the First DCA decision. See Del Valle, 52 So.3d at 18-19.
Based on this conclusion, Bonilla is entitled to have his conviction set aside. As entertaining another appeal would be redundant in this case, we reverse the second-degree murder conviction, vacate the sentence, and remand for a new trial. See Del Valle, 52 So.3d at 19.
Reversed and remanded for a new trial.