VILLANTI, Judge.
Eugene Henderson Henry was convicted after jury trial of one count of second-degree murder with possession and discharge of a firearm and one count of attempted first-degree murder with possession and discharge of a firearm. In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), Henry raised numerous claims of ineffective assistance of appellate counsel. We deny without comment all but one of the claims raised. But resolution of that single claim requires us to reverse Henry’s second-degree murder conviction and remand for a new trial on that charge only.
In claim one of his petition, Henry alleged that appellate counsel in his direct *1194 appeal was ineffective for failing to argue that the then-standard instruction for manslaughter by act, which was provided to the jury as a lesser-included offense of second-degree murder, was fundamentally erroneous because it imposed the additional element of intent to kill.[1] This court has previously found appellate counsel ineffective for failing to argue that this version of the manslaughter by act instruction constituted fundamental error when the defendant was convicted of second-degree murder. See Ferrer v. State, 69 So.3d 360 (Fla. 2d DCA 2011); Curry v. State, 64 So.3d 152 (Fla. 2d DCA 2011); Del Valle v. State, 52 So.3d 16 (Fla. 2d DCA 2010).
In its response to Henry’s petition, the State concedes that he is entitled to relief on this claim based on this court’s opinion in Banek v. State, 75 So.3d 762 (Fla. 2d DCA 2011). In that case, both the initial brief and the answer brief were filed in Banek’s direct appeal before the First District issued its opinion in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), which was the first case to hold that the then-standard manslaughter by act instruction tyas fundamentally erroneous. 75 So.3d at 764. However, this court did not issue its decision in Banek’s direct appeal until three months after Montgomery issued. Id. This court concluded that Banek’s appellate counsel was ineffective for failing to seek leave to file a supplemental brief in his direct appeal after Montgomery issued. Id. We held:
In the present case, even though the First District’s Montgomery opinion issued subsequent to the filing of both the initial and answer briefs, we conclude that appellate counsel performed defi-ciently in failing to seek supplemental briefing on the issue of whether the attempted manslaughter by act instruction was fundamentally erroneous. Counsel should have been aware of the First District’s Montgomery opinion and should have sought to argue that the standard attempted manslaughter by act instruction that was given in the present case was fundamentally erroneous based on the reasoning applied in Montgomery.
Id. at 764-65 (footnote omitted).
In this case, as in Banek, the initial brief and answer brief in Henry’s direct appeal were filed before the First District issued its decision in Montgomery. Henry’s initial brief was filed October 13, 2008, and the State’s answer brief was filed December 24, 2008, but the Montgomery opinion did not issue until February 12, 2009. However, this court did not issue its decision in Henry’s direct appeal until April 29, 2009. Thus, like appellate counsel in Banek, appellate counsel in Henry’s direct appeal had an opportunity after Montgomery issued to seek leave to submit supplemental briefing on the issue of whether the attempted manslaughter by act instruction was fundamentally erroneous based on the reasoning in Montgomery. Appellate counsel’s failure to seek such leave constituted deficient performance.
Because we conclude that appellate counsel was ineffective and because a new appeal in this case would be redundant, we reverse Henry’s conviction for second-degree murder with possession and dis *1195 charge of a firearm, vacate the sentence imposed for that conviction, and remand for a new trial on only that count of the information. Our decision does not affect Henry’s conviction for attempted first-degree murder.
Petition granted in part and denied in part.
DAVIS and MORRIS, JJ„ Concur.

. Henry was tried jointly with his codefen-dant, Tyrone Carter. Carter was also convicted of second-degree murder in the death of the same victim. The manslaughter by act instruction that was provided to the jury was the same for both defendants. On direct appeal, this court reversed Carter’s second-degree murder conviction and remanded for a new trial on that count of the information because the manslaughter by act instruction improperly contained the additional element of intent to kill. Carter v. State, 53 So.3d 1248, 1248-49 (Fla. 2d DCA 2011).