LAMBERT, J.
Jonathan Beharry has filed a petition, alleging that his appellate counsel was ineffective for failing to argue on direct appeal that the standard manslaughter jury instruction given in his case was fundamentally erroneous pursuant to State v. Montgomery, 39 So.3d 252 (Fla.2010), and White v. State, 72 So.3d 208 (Fla. 5th DCA 2011). We agree.
Beharry was indicted for the first-degree murder of Angel Pagan.[1] After a jury trial, he was convicted of second-degree murder and sentenced to life in prison. On direct appeal, Beharry’s counsel did not make any argument pertaining to the jury instructions given at trial. This court affirmed Beharry’s conviction and sentence without opinion. Beharry v. State, 145 So.3d 114 (Fla. 5th DCA 2013) (per curiam).
In Montgomery, the Florida Supreme Court found that the standard jury instruction for manslaughter by act was erroneous because it incorrectly required the jury to find that a defendant intended to kill the victim, rather than intended to commit an act that caused the victim’s death. 39 So.3d at 256-57. Applying its finding, the court held that the erroneous instruction given in Montgomery’s case was fundamental error considering Montgomery was convicted of second-degree murder, which is only one step removed from the offense of manslaughter. Id. at 258. In White, this court applied the analysis in Montgomery to the standard jury instruction for manslaughter by proeurement, concluding that the use of the instruction in that case was fundamental error because it required the jury to find that White intentionally procured the death of the victim rather than intentionally procured an act that caused the victim’s death. 72 So.3d at 210.
In his petition, Beharry argues that he is entitled to relief because the manslaughter by procurement instruction that was given in his case is essentially identical to the erroneous instruction given in White. Beharry further asserts that the error was fundamental because he too was convicted of second-degree murder, which is one step removed from manslaughter. Contrary to the State’s primary argument, we conclude that this court’s holding in White is directly applicable, but write to briefly address the State’s remaining arguments.
We first reject the State’s argument that the fundamental error in the use of the flawed manslaughter instruction was waived because Beharry’s trial counsel affirmatively agreed to the instruction. Under the invited error doctrine, fundamental error may be waived where defense counsel agrees to an improper instruction based on the principle that “a party may not make or invite error at trial and then take advantage of the error on appeal.” Universal Ins. Co. of N. Am. v. Warfel, 82 So.3d 47, 65 (Fla.2012) (quoting Sheffield v. Superior Ins. Co., 800 So.2d 197, 202 (Fla.2001)). Here, however, trial counsel simply failed to object to the use of the then-existing standard instruction on manslaughter. Unknowing acquiescence to the instruction does not constitute invited error or a waiver of fundamental error. See Williams v. State, 145 So.3d 997, 1003-04 (Fla. 1st DCA 2014).
*265 We also reject the State’s argument that giving the fundamentally erroneous manslaughter instruction was not reversible error because the issue of intent was not disputed at trial. Beharry argued at trial that someone else shot and killed the victim. Normally, for an unpreserved error in a jury instruction to be deemed fundamental on appeal, the error must be “pertinent or material to what the jury must consider in order to convict.” State v. Delva, 575 So.2d 643, 645 (Fla.1991) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). However, the argument that intent is not at issue when a defendant asserts a mistaken-identity defense was recently rejected by the Florida Supreme Court. Griffin v. State, 160 So.3d 63, 68 (Fla.2015) (“It defies logic to conclude that expressly disputing the identity of the perpetrator and remaining silent on the remaining elements of the crime would concede all the elements but identity.”); see also Jones v. State, No. 5D14-3793, — So.3d -, -, 2015 WL 2259311, at *3 n. 1 (Fla. 5th DCA May 15, 2015). Moreover, “whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecutor’s argument [is] not germane to whether the error is fundamental.” Reed v. State, 837 So.2d 366, 369 (Fla.2002).
An appellate counsel is ineffective for failing to raise favorable case law decided prior to the filing of the initial brief that could result in reversal. See, e.g., Pierce v. State, 121 So.3d 1091, 1093 (Fla. 5th DCA 2013); Dill v. State, 79 So.3d 849, 852 (Fla. 5th DCA 2012). Montgomery was issued prior to Beharry’s direct appeal, and White was issued prior to the filing of his initial brief. If the jury instruction issue and these cases were brought to our attention on direct appeal, the outcome of the appeal would have been different.[2] Accordingly, because a new appeal would be redundant, we vacate Behar-ry’s conviction for second-degree murder and remand for a new trial on this charge. See Pierce, 121 So.3d at 1094 (citing Lopez v. State, 68 So.3d 332, 335 (Fla. 5th DCA 2011)).
PETITION GRANTED; JUDGMENT and SENTENCE VACATED; REMANDED FOR NEW TRIAL.
PALMER and COHEN, JJ., concur.

. Beharry was also charged with robbery with a firearm. He was acquitted of this charge.

. The State also argued that Beharry’s appellate counsel was not ineffective “for failing to find and use a case [White ] that had never been used or followed by anyone else.” We reject this argument without further comment.