NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DENEAL BROWN,                          )
                                       )
              Petitioner,              )
                                       )
v.                                     )          Case No. 2D14-1166
                                       )
STATE OF FLORIDA,                      )
                                       )
              Respondent.              )
_____   )

Opinion filed March 30, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Pinellas County;
Joseph A. Bulone, Judge.

Dane K. Chase of Chase Law Firm, for
Petitioner.

No appearance for Respondent.

KELLY, Judge.

        On remand from the Florida Supreme Court, we reconsider Deneal

Brown's petition alleging ineffective assistance of appellate counsel in light of the

subsequent decision in Griffin v. State, 160 So. 3d 63 (Fla. 2015). Our conclusion that

Mr. Brown is entitled to no relief is unchanged.

        Mr. Brown was charged with second-degree murder. His counsel told the

jury in his opening statement: "I believe that the evidence is going to show that this was

self-defense, that what turned into a verbal confrontation then turned into gun play, . . . but the person who shot [the victim] was just quicker than he was." Mr. Brown testified at trial that as he was driving out of the victim's apartment complex, the victim engaged him in a verbal altercation. Mr. Brown started to drive away but returned when the victim challenged him and his friend, who was a passenger in the car, to a fight. Mr. Brown testified that his friend shot the victim when the victim reached for his gun.[1] Nevertheless, Mr. Brown's counsel argued in closing, "I told you this was a case about self-defense, and I told you that's what the evidence is going to show. This is a case of self-defense."

The State disputed the presence of Mr. Brown's friend and Mr. Brown's argument that the shooting was in self-defense, arguing that Mr. Brown's acts of driving back to the victim and then shooting him in the torso demonstrated a depraved mind without regard for human life. The jury found Mr. Brown guilty as charged, and the trial court sentenced him to life in prison with a twenty-five-year mandatory minimum term in accordance with the jury's findings that Mr. Brown discharged a firearm during the commission of the offense and that the discharge caused the victim's death.

"Claims of self defense and defense of another involve 'an admission and avoidance'." Keyes v. State, 804 So. 2d 373, 375 (Fla. 4th DCA 2001) (quoting Williams v. State, 588 So. 2d 44, 45 (Fla. 1st DCA 1991)). By arguing without qualification that he or his friend acted in self-defense, Mr. Brown necessarily conceded that either intentionally caused the victim's death. "[A] defective instruction in a criminal

_____

[1]Mr. Brown testified that his friend was killed shortly after this homicide occurred.

- 2 -

case can only constitute fundamental error if the error pertains to a material element that is disputed at trial." Daniels v. State, 121 So. 3d 409, 418 (Fla. 2013). Thus, the manslaughter by act instruction that the supreme court held to be erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010), was not fundamental error in Mr. Brown's case because it did not prevent the jury from considering whether the evidence fit the elements of manslaughter. Cf. Daniels, 121 So. 3d at 418-19 (holding the faulty manslaughter by act instruction was fundamental error because the defendant admitted to shooting the gun to scare someone but insisted he did not aim at anyone and did not intend to kill); Horne v. State, 128 So. 3d 953, 956-57 (Fla. 2d DCA 2013) (holding that because the defendant testified that he felt his life was threatened and that he intended to shoot the victim in the leg but did not intend to kill the victim, the faulty instruction was fundamental error).

Petition denied.

ALTENBERND and WALLACE, JJ., Concur.