IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY DICKERSON,

    Petitioner,

 v.                                     Case No.  5D16-1691

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed October 28, 2016

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Stanley Dickerson, Cross City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.,

    Presently pending before this court is Stanley Dickerson's most recent petition for

writ of habeas corpus.  Dickerson asserts that during the course of his 2008 trial, in which

he was convicted of second-degree murder, the trial court instructed the jury on the

elements necessary to prove the lesser included offense of manslaughter, utilizing,

without objection, the then-standard manslaughter by intentional act jury instruction.  He

notes that the Florida Supreme Court later determined in *State v. Montgomery*, 39 So. 3d

252 (Fla. 2010), that the subject jury instruction was not only incorrect but that its use

constituted fundamental error where a defendant is thereafter convicted of second-degree murder, an offense only one step removed from manslaughter. *See* 39 So. 3d at 259. Dickerson states that he argued in his direct appeal, albeit unsuccessfully, that the trial court committed fundamental error in using this jury instruction,[1] and he notes that this court has subsequently granted habeas corpus relief to similarly convicted defendants, giving them new trials based on the use of the same flawed manslaughter by intentional act instruction. *See Paul v. State*, 183 So. 3d 1154 (Fla. 5th DCA 2015); *Beharry v. State*, 168 So. 3d 263 (Fla. 5th DCA 2015); *Coleman v. State*, 128 So. 3d 193 (Fla. 5th DCA 2013). As such, Dickerson contends that he, too, is entitled to a new trial and that it would be "manifestly unjust" if his case and the instant petition were treated any differently.

Dickerson is correct that an appellate court has the authority to correct a "manifest injustice" by way of habeas corpus proceedings. *Harris v. State*, 12 So. 3d 764, 765 (Fla. 3d DCA 2008) (citing *Adams v. State*, 957 So. 2d 1183 (Fla. 3d DCA 2006)). However, Dickerson is not summarily entitled to relief based on our other opinions. Inconsistent decisions in separate, unrelated cases do not automatically constitute disparate treatment requiring the granting of habeas corpus relief. *Id.* (citation omitted).

The evidence at Dickerson's trial established that Dickerson stabbed the victim four times in the torso. The testimony from the medical examiner was that the injuries independently resulting from any one of three of the stab wounds would have been fatal. Dickerson did not dispute that he stabbed the victim multiple times and testified at trial that the victim did not have a weapon. Nevertheless, Dickerson argued at trial that he

---

[1] Dickerson's direct appeal was affirmed by this court without opinion. *Dickerson v. State*, 50 So. 3d 616 (Fla. 5th DCA 2010).

acted in self-defense and that his use of deadly force was necessary to prevent his own imminent death or great bodily harm.

In *Brown v. State*, 197 So. 3d 69 (Fla. 2d DCA 2016), the Second District Court of Appeal addressed a similar issue. In *Brown*, the victim was killed by a gunshot wound to his torso. 197 So. 3d at 70. Brown testified and argued at trial that he acted in self-defense. *Id.* Nevertheless, Brown was convicted of second-degree murder and his direct appeal was affirmed. *Id.* at 69–70; *Brown v. State*, 82 So. 3d 1165 (Fla. 2d DCA 2012). Brown later filed a petition alleging ineffective assistance of his appellate counsel for failing to challenge, as fundamental error, the trial court's use of the flawed manslaughter by intentional act jury instruction identified in *Montgomery.* In denying Brown's petition, the Second District wrote, in pertinent part:

> "Claims of self defense and defense of another involve 'an admission and avoidance'." *Keyes v. State,* 804 So. 2d 373, 375 (Fla. 4th DCA 2001) (quoting *Williams v. State,* 588 So. 2d 44, 45 (Fla. 1st DCA 1991)). By arguing without qualification that he . . . acted in self-defense, Mr. Brown necessarily conceded that [he] intentionally caused the victim's death. "[A] defective instruction in a criminal case can only constitute fundamental error if the error pertains to a material element that is disputed at trial." *Daniels v. State,* 121 So. 3d 409, 418 (Fla. 2013). Thus, the manslaughter by act instruction that the supreme court held to be erroneous in *State v. Montgomery,* 39 So. 3d 252 (Fla. 2010), was not fundamental error in Mr. Brown's case because it did not prevent the jury from considering whether the evidence fit the elements of manslaughter.

*Brown*, 197 So. 3d at 70 (alteration in original) (citations omitted).

We agree with the Second District's analysis, and we conclude that Dickerson is not entitled to habeas corpus relief. Based on the facts and arguments presented at Dickerson's trial, the use, without objection, of the flawed manslaughter by intentional act jury instruction at Dickerson's trial did not constitute fundamental error.

PETITION FOR WRIT OF HABEAS CORPUS DENIED.

3

EVANDER and EDWARDS, JJ., concur.