COBB, Judge.
Pursuant to a nolo contendere plea, Harris was adjudicated guilty and placed on five years’ probation with the condition that he pay $500 in court costs or perform 60 hours of community service. The judgment also provided for Harris to pay the costs of his extradition.
On appeal, Harris claims that the court costs and extradition costs were erroneously assessed without notice or hearing or a determination of his ability to pay. Harris also contends that the alternative of community service provided by the trial court was not available as of January 28, 1987, the date of sentencing, since section 27.-3455, Florida Statutes (1985), was amended to delete that alternative as of October 1, 1986. Harris further asserts that there is no statutory authority to assess extradition costs against a defendant; in fact, there is a statutory prohibition against the imposition of costs against a defendant for expenditures incurred in connection with the operation of government agencies. See § 27.56(l)(a), Fla.Stat. (1985).
The state, on the other hand, points out that Harris and his trial counsel negotiated his plea in an attempt to obtain probation, and now, in effect, are attempting to renege. There was no objection made before the trial court and no attempt to withdraw the plea. The defendant, in other words, wants the sweet part of the deal, but not the bitter.
*386 We agree with the state. As we said in Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), review denied, 419 So.2d 1195 (Fla. 1982), if the defendant does not like the proffered terms of probation below, he should refuse it — not appeal it.[1]
AFFIRMED.
ORFINGER and SHARP, JJ., concur.

. The result reached in this case would be the same even if not based on a negotiated plea, since the issues are not yet ripe for review. See Jones v. State, 513 So.2d 732 (Fla. 5th DCA 1987).