PER CURIAM.
We affirm appellant’s conviction of possession of cocaine and possession of drug paraphernalia. The record shows that when appellant changed his plea from not guilty to nolo contendere, he did not reserve the right to appeal the trial court’s denial of his motion to suppress evidence. See Hoff v. State, 466 So.2d 1252 (Fla. 2nd DCA 1985).
Appellant argues, and the state concedes, that appellant is entitled to a new sentencing hearing because the trial court sentenced him without his presence in court. Appellant viewed his sentencing through closed circuit television. Pursuant to Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990), we remand for a new sentencing hearing to afford appellant the opportunity to confer with his counsel privately and to have the benefit of counsel’s advice. Fla. R.Crim.P. 3.180(a)(19). Since appellant will be afforded a new sentencing hearing, we find that appellant’s point regarding the special conditions of probation imposed at sentencing is moot.
We also hold that the trial court erred when it ordered appellant to pay public defender fees and extradition costs without affording him adequate notice and an opportunity to be heard. See Sallette v. State, 553 So.2d 330 (Fla. 4th DCA 1990); see also Mays v. State, 519 So.2d 618 (Fla. 1988) and Jenkins v. State, 444 So.2d 947 (Fla.1986). Accordingly, we reverse the trial court’s order that appellant pay a public defender fee and extradition costs.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ANSTEAD and DELL, JJ., and WALDEN, JAMES H., Senior Judge, concur.