PER CURIAM.
George E. Stone pled guilty to petit theft, as well as to probation violations. We affirm his convictions, sentences, and the conditions of probation, except one.
First, in his plea of guilty Stone agreed to pay certain costs. Those costs were properly assessed. Harris v. State, 515 So.2d 385 (Fla. 5th DCA 1987) (defendant can’t renege after he agrees to certain costs as part of plea).
Second, Stone was also assessed $538.16 “restitution” for the costs of extraditing him back to Florida. Technically, this is not restitution, but a reimbursable cost to the state when documented. In this case, the amount was documented in the court file, Stone was given notice at the hearing of its imposition, and he made no objection. Thus, the extradition costs were properly assessed against Stone. See Dickson v. State, 622 So.2d 179 (Fla. 2d DCA 1993) (defendant assessed for costs of extradition); Darling v. State, 577 So.2d 677 (Fla. 4th DCA 1991), citing Sallette v. State, 553 So.2d 330 (Fla. 4th DCA 1989); Mays v. State, 519 So.2d 618 (Fla.1988); and Jenkins v. State, 444 So.2d 947 (Fla.1984).
Finally, while the other costs were properly assessed, Stone was assessed one cost he did not agree to as a condition of his probation: a $24 payment to First Step. Because the trial judge did not orally announce this special condition of probation and because he gave no statutory authority in the written order for the imposition of payment, it must be stricken unless the trial judge can cite supporting statutory authority for its imposition. See Avallone v. State, 1994 WL 380199, No. 94-111 (Fla. 5th DCA July 22, 1994), citing Eckenrode v. State, 638 So.2d 214 (Fla. 5th DCA 1994); Gedeon v. State, 636 So.2d 178 (Fla. 5th DCA 1994).
We vacate the imposition of $24 in costs to First Step and remand with instructions to the trial court to correct the amount. The judgment and sentence is affirmed in all other respects.
Judgment AFFIRMED; Sentence VACATED and REMANDED with instructions to enter amended cost order.
DAUKSCH, COBB and GOSHORN, JJ., concur.