675 So.2d 613 (1996)
Clarence WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00750.
District Court of Appeal of Florida, Second District.
February 14, 1996.
Rehearing Denied June 6, 1996.
*614 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The defendant challenges the imposition of a restitution lien as part of his sentence. He asserts that the Florida Civil Restitution Lien and Crime Victims Remedy Act of 1994, sections 960.29 through 960.297, Florida Statutes (Supp.1994), is unconstitutional. We decline to address this issue because the defendant waived appellate review. See Nevels v. State, 20 Fla.L.Weekly D2748, ___ So.2d ___ (Fla. 2d DCA Dec. 13, 1995). Although the defendant objected to the imposition of the restitution lien, he did not present argument regarding the constitutionality of the act to the trial court. The transcript reveals:
[DEFENSE COUNSEL]: Yes, Your Honor. And one other thing that I noticed. This is a post July 1st, 1994 case. And so the restitution lien would be in effect, which in this case would be $5,000....
THE COURT: Right.
[DEFENSE COUNSEL]: We would object, Your Honor. We will file an appeal.
THE COURT: Okay. But do you and Mr. Wilson, let me tell you what I didn't talk to you about is. [sic] A statutory restitution lien of $5,000. In other words, I will be entering a civil money judgment against you and in favor of Publix in the amount of $5,000. The Public Defender objects to that. And he's going to take an appeal on that issue. He's already taken an appeal on that issue.
Furthermore, we note that the record does not contain an order imposing the restitution lien. The order of charges and costs provides that restitution was imposed "in accordance with attached order." The order referred to is not in the record. The record was supplemented with the court clerk's handwritten notes reflecting that a restitution lien for $5,000 was imposed. These notes do not constitute a written order. Nevertheless, as we previously stated, even if the judgment included the restitution lien, the defendant waived the constitutionality ground upon which he seeks to have the lien set aside.
The defendant also challenges the imposition of two discretionary costs in violation of the procedures outlined in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). We agree and strike the $2 cost imposed pursuant *615 to section 943.25(13), Florida Statutes (1993), and the cost/fine for $33.
The trial court also assessed a public defender lien pursuant to section 27.56, Florida Statutes (1993). The defendant asserts that the assessment should be stricken because the trial court failed to determine his ability to pay. We disagree. In Bull v. State, 548 So.2d 1103, 1105 (Fla.1989), the supreme court held that the defendant's ability to pay is not an issue when the lien is imposed. See Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994). However, we remand on the issue of the public defender lien because the trial court did not advise the defendant of his right to a hearing to contest the amount of the lien, pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995); Fulmore v. State, 634 So.2d 829 (Fla. 5th DCA 1994). We observe that the defendant's failure to object to the imposition of the public defender lien does not constitute a valid waiver of the due process requirements of rule 3.720(d)(1). See Norris v. State, 659 So.2d 1352, 1354-1355 (Fla. 5th DCA 1995). On remand, the defendant has thirty days from the date of the mandate to file a written objection to the amount assessed. If an objection is filed, the trial court shall strike the assessment and shall not impose a new assessment without notice and hearing, pursuant to rule 3.720(d)(1). See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Accordingly, we strike certain court costs and remand for proceedings in accordance with our opinion. Otherwise, we affirm the sentence.
THREADGILL, C.J., and FRANK, J., concur.