COBB, Judge.
On this appeal the defendant pled nolo contendere and agreed to a plea agreement that included “standard costs of probation.” In the probation order, under the heading of “special conditions of probation,” the court charged the defendant with investigative and court costs. The defendant maintains that there was no oral pronouncement of these costs nor was any statutory authority cited by the court.
The state’s position is that the defendant should have inquired as to what the “standard costs” of probation were if there was any doubt or if there was any objection. According to the transcript, the court asked the defendant if there were any questions to which she replied no. While it is true that a defendant should not be able to renege on costs that were agreed to, Stone v. State, 642 So.2d 34 (Fla. 5th DCA 1994), under the instant facts, the record is extremely ambiguous as to what the defendant actually agreed to. Here, the court itself indicated that the court costs and investigative costs were “special conditions” of probation, not general conditions or what might be construed as the standard costs associated with section 948.03, Florida Statutes (1995).
Accordingly, we strike the special conditions of probation which require the defendant to pay investigative and court costs. On remand, the court is also instructs ed to correct the defendant’s scoresheet by removing points for victim injury. Victim injury points may only be assessed when an offense pending before the court for sentencing directly causes physical harm. Fla. R.Crim. P. 3.702(d)(5).
REVERSED AND REMANDED.
W. SHARP and THOMPSON, JJ., concur.