PER CURIAM.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we agree with the appellant’s argument that the public defender’s lien in the amount of $150 must be reversed. See In re Anders Briefs, 581 So.2d 149 (Fla. 1991) (defense counsel may raise various sentencing issues while raising them in context of Anders). With respect to the laboratory fee payable to the Florida Department of Law Enforcement, however, we affirm its imposition as the product of a written plea agreement. Therefore, the appellant’s judgment and sentence is affirmed excepting any súbsequent proceedings addressing the public defender’s lien.
The trial court failed to advise the appellant of his right to a hearing to contest the amount of the public defender’s lien. See Fla. R.Crim. P. 3.720(d)(1). Thus, we remand this case with instructions to permit the appellant thirty days to file a written objection to the amount of the lien. If he files an objection, the circuit court must strike the lien and may not impose a new assessment without notice and a hearing. See Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Contrary to the public defender’s lien, the imposition of the fee of $100 to the Florida Department of Law Enforcement must be affirmed because the appellant agreed to pay it in his written plea agreement. See Stone v. State, 642 So.2d 34 (Fla. 5th DCA 1994); Harris v. State, 515 So.2d 385 (Fla. 5th DCA 1987).
Conviction and sentence affirmed; reversed and remanded as to lien.
DANAHY, A.C.J., and CAMPBELL and LAZZARA, JJ., concur.