NORTHCUTT, Judge.
Tracy Hardesty pleaded no contest to one felony and one misdemeanor charge, was placed on three years’ probation, and appealed. While his appeal was pending, this court relinquished jurisdiction to the circuit court so he could file a motion to withdraw his plea based on ineffective assistance of counsel. See Fla. R.Crim. P. 3.850. The circuit court denied Hardesty’s motion, and he filed an appeal of that ruling. We consolidated the two cases. The public defender filed an An-ders [1] brief, asserting there were no meritorious arguments to support reversal, but directing us to two minor sentencing issues. We affirm Hardesty’s judgment and sentence and the denial of his rule 3.850 motion without discussion, but will address whether he must pay a fee to the Florida Department of Law Enforcement (FDLE) and a monetary award to his trial counsel.
The circuit court ordered Hardesty to pay $100 to FDLE. Hardesty acceded to this fee in his written plea agreement. We find no error. See Sitek v. State, 700 So.2d 119 (Fla. 2d DCA 1997) (affirming FDLE fee because it was part of written plea agreement). The court also awarded a fee to his court-appointed counsel in the amount of $150, but failed to give Hardesty the required notice of his right to contest the award. See Fla. R.Crim. P. 3.720(d)(1). We remand with directions that Hardesty shall have thirty days from the date of the mandate to file a written objection to the amount of the attorney’s fee. If he files an objection, the court must strike the assessment and cannot impose a new award without notice and a hearing. Wilson v. State, 675 So.2d 613, 615 (Fla. 2d DCA 1996).
CAMPBELL, A.C.J., and FRANK, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).