SILBERMAN, Judge.
 

 Kenneth McMillan appeals his conviction and sentence for attempted burglary of a structure. We reverse solely as to the trial court’s imposition of a public defender fee and two service charges assessed for preparation and recording of “Satisfaction of Lien/Document.” We affirm in all other respects.
 
 [1]
 

 McMillan challenges the imposition of a $100 public defender fee, arguing that the trial court failed to inform him of his right to contest the amount of the fee at a hearing as required by Florida Rule of Criminal Procedure 3.720(d)(1).
 
 [2]
 
 The State argues that McMillan waived his right to a hearing, noting the following colloquy between the trial court and McMillan:
 

 THE COURT: And, Mr. McMillan, do you agree $100 is a reasonable public defender fee in the case?
 

 THE DEFENDANT: (Shrugs shoulders).
 

 THE COURT: All right. He remains mute on that point. I’ll assess it. He’s had his opportunity to object.
 

 
 *1238
 
 In
 
 Norris v. State,
 
 659 So.2d 1352, 1355 (Fla. 5th DCA 1995), the Fifth District addressed a colloquy similar to that quoted above. There, however, when the trial court asked the defendant if he had any objection to a public defender fee of $100, the defendant replied that he did hot. The appellate court concluded that the exchange was insufficient to comply with the due process requirements of rule 3.720(d)(1) and section 27.56(7), Florida Statutes (1993).
 
 [3]
 
 The court reasoned that the rule and statute were not subject to implied waiver and that although the defendant indicated that he did not object to the lien, he did not specifically waive his right to a hearing.
 
 Id.; see also Wilson v. State,
 
 675 So.2d 613, 615 (Fla. 2d DCA 1996) (concluding that the defendant’s failure to object to the imposition of a public defender lien did not constitute a valid waiver of the due process requirements of rule 3.720(d)(1)).
 

 Here, the trial court did not advise McMillan of his right to contest the amount of the public defender fee. McMillan’s shrugging of his shoulders and remaining silent, without having been advised that he had a right to contest the fee at a hearing, does not constitute a valid waiver of his right to a hearing. Thus, we reverse the imposition of the $100 public defender fee. The trial court may reimpose the fee if it provides McMillan with notice of its intent to do so and the opportunity to be heard at a hearing on the matter.
 
 See Bruno v. State,
 
 960 So.2d 907, 908 (Fla. 2d DCA 2007). On remand, the trial court shall enter a corrected Monetary Obligation Order and Lien Order either omitting the $100 fee or reflecting its reimposition.
 

 McMillan also challenges two charges appearing on the Lien Order and on a Judgment Lien, both rendered on August 29, 2007. One is a $12 service charge for “Preparation of Satisfaction of Lien/Document” pursuant to section 28.24(8), Florida Statutes (2006), and the other is a $16 charge for “Recording of Satisfaction of Lien/Document” pursuant to section 28.241. McMillan claims that section 28.24(8) only authorizes the clerk to charge $6 for preparation of the satisfaction of lien and that section 28.241 does not authorize the imposition of a $16 charge for recording a satisfaction of lien.
 
 [4]
 
 The State concedes error, acknowledging that the trial court should strike $6 of the $12 service charge and should rescind the $16 charge. Thus, we reverse as to these charges and remand for the trial court to enter corrected lien documents.
 

 In summary, we reverse the imposition of the $100 public defender fee, $6 of the $12 service charge, and the $16 recording charge. On remand, the trial court shall enter a corrected Monetary Obligation Order, Lien Order, and Judgment Lien consistent with this opinion. If the trial court reimposes the $100 public defender fee, it shall do so only after proper notice and the opportunity for McMillan to be heard on that issue.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
 

 [1]
 

 . McMillan preserved his challenge to the fee and charges by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which the trial court granted in part and denied in part.
 

 [2]
 

 . Section 938.29(5), Florida Statutes (2006), also provides that when a trial court determines the value of the public defender's service, the defendant "after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.”
 

 [3]
 

 . Section 27.56 was renumbered as section 938.29 in 1997. Ch. 97-271, § 22, at 4994-96, Laws of Fla.
 

 [4]
 

 . The trial court apparently intended to eliminate the $16 recording charge from the Lien Order and Judgment Lien when it ruled on McMillan’s motion to correct sentence, but it did not enter corrected documents omitting the charge.