VILLANTI, Judge.
 

 Estaban E. Gonzalez appeals his judgment and sentences for kidnapping, attempted second-degree murder, two counts of aggravated assault on a law enforcement officer with a firearm, fleeing to elude (high speed), and aggravated assault with a firearm. We affirm the convictions and sentences on all grounds except attempted second-degree murder. We are required to reverse the conviction for attempted second-degree murder based on the Florida Supreme Court’s recent decision in
 
 State v. Montgomery,
 
 39 So.3d 252, — (Fla.2010). We also reverse a fee and a cost imposed by the trial court.
 

 In
 
 Montgomery
 
 the supreme court held that use of the standard jury instruction for manslaughter by intentional act constituted fundamental error and required a new trial in a case where the defendant was convicted of second-degree murder as a lesser-included offense of first-degree murder. 39 So.3d at-. In this case, Gonzalez was charged with attempted first-degree murder of a law enforcement officer. The lesser-included offenses for that charge were attempted second-degree murder and attempted manslaughter by intentional act. The jury was instructed on attempted first-degree murder, attempted second-degree
 
 *62
 
 murder, and attempted manslaughter by intentional act. At oral argument the State conceded that, based on
 
 Montgomery,
 
 Gonzalez’s conviction for attempted second-degree murder must be reversed due to the then-standard jury instruction for attempted manslaughter by intentional act which was read to the jury. Thus, we must reverse for a new trial on the attempted second-degree murder conviction.
 

 Gonzalez also challenges the trial court’s imposition of a $1500 public defender fee because the court failed to inform him of his right to contest the amount of the fee at a hearing, as required by Florida Rule of Criminal Procedure 3.720(d)(1). Gonzalez fled a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Although the trial court entered an order addressing other issues raised by the motion to correct sentencing error, it did not address the $1500 public defender fee. Florida Rule of Criminal Procedure 3.720(d)(1) provides that a defendant must be advised at the time of sentencing of his right to a hearing to contest the amount of any public defender lien imposed.
 
 See also
 
 § 938.29(5), Fla. Stat. (2007). Because Gonzalez was not advised of his right to a hearing to contest the amount of the public defender fee, we reverse the imposition of the $1500 public defender fee and direct the trial court to strike the fee.
 
 See McMillan v. State, 8
 
 So.3d 1237, 1238 (Fla. 2d DCA 2009) (reversing public defender fee because the trial court did not advise the defendant that he had a right to contest the fee at a hearing). On remand, the trial court may reimpose the fee provided it follows proper procedure by giving Gonzalez notice of its intent to reimpose the fee and an opportunity to be heard on the issue.
 
 See Bruno v. State,
 
 960 So.2d 907, 908 (Fla. 2d DCA 2007).
 

 Finally, the written judgment and sentence imposed a $100 cost pursuant to section 938.10, Florida Statutes (2007). That cost was not mentioned at the sentencing hearing. Gonzalez filed a motion to correct sentencing error pursuant to rule 3.800(b)(2), but the trial court did not rule on this issue. Section 938.10 imposes a cost in certain cases involving crimes against minors. Because this case did not involve a crime against minors, we reverse imposition of this cost and direct the trial court to strike it.
 
 See Brown v. State,
 
 963 So.2d 342, 343 (Fla. 2d DCA 2007) (finding error in imposition of cost pursuant to section 938.10 where the victim was not a minor).
 

 Accordingly, we reverse Gonzalez’s judgment and sentence for attempted second-degree murder and remand the case for a new trial on that charge. We reverse the $1500 public defender fee, which the court may reimpose after following the proper procedures. We also direct the trial court to strike the $100 cost imposed pursuant to section 938.10.
 

 Affirmed in part, reversed in part, and remanded.
 

 SILBERMAN and CRENSHAW, JJ., Concur.