LaROSE, Judge.
 

 Myreon Harrison and Joshua McClen-don each want a new trial. A jury convicted them for improper exhibition of a firearm and attempted second-degree murder. They argue that the State impermissibly bolstered its case with extensive collateral crimes evidence. We agree that the trial court erred in allowing the admission of
 
 *413
 
 this evidence. But, any error was harmless. Accordingly, we affirm.
 

 Harrison, McClendon, and a third defendant, Myron Phillips, went to trial on charges of attempted first-degree murder. The charges stemmed from a shooting in a St. Petersburg neighborhood allegedly rife with illegal drug activity. Fortunately, no one was hurt, but bullet holes were found in two homes and in two vehicles. Eyewitnesses identified Harrison, McClendon, Phillips, and others as the culprits. They allegedly drove to the area and shot at or near two local residents. The jury returned its verdict on lesser charges for Harrison and McClendon. The jury found that Harrison, but not McClendon, actually possessed and discharged a firearm. The jury acquitted Phillips.
 

 Instead of focusing on the straightforward facts, the State sought to admit extensive collateral crimes evidence. This evidence included Harrison’s and McClendon’s involvement in drug deals occurring in the neighborhood two weeks prior to the shooting and in a high-speed chase and subsequent stand-off with a SWAT team two months after the shooting. The State argued that this evidence was “inextricably intertwined” with the pending charges. Harrison and McClen-don unsuccessfully objected to the evidence.
 

 The trial court ruled that evidence that the defendants were engaged in drug or illegal activities was admissible, but evidence that the defendants were drug dealers was not.
 

 The State argued that the high-speed chase and stand-off evidence should be admitted based on a “consciousness of guilt” theory. Apparently, there were outstanding warrants for Harrison and McClendon before the chase. Neither Harrison nor McClendon drove the car that sped from the police. The trial court allowed admission of this evidence without elaboration.
 

 Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. § 90.403, Fla. Stat. (2008);
 
 Steverson v. State,
 
 695 So.2d 687, 688 (Fla.1997). A trial court must weigh the danger of unfair prejudice against the probative value of the evidence in determining its admissibility. Under this balancing test, the trial court necessarily exercises its discretion. The same item of evidence may be admissible in one case and not in another, depending upon the relation of that item to the other evidence.
 
 Id.
 
 (citing
 
 State v. McClain,
 
 525 So.2d 420, 422 (Fla.1988)).
 

 The trial court found the collateral crimes evidence relevant but failed to balance its prejudicial effect. The evidence was not altogether relevant and was highly prejudicial. Much of the State’s case focused on the collateral crimes, especially the car chase and SWAT team encounter. Indeed, the jury heard an exhaustive and unnecessarily detailed blow-by-blow recounting of the four-hour stand-off. The State stressed this evidence in closing argument to paint Harrison and McClendon as drug dealers who would do a “planned execution.” The State characterized the car chase and stand-off as “that’s your fingerprint and that’s your DNA.”
 

 We fail to see why the State seems to maintain that collateral evidence automatically renders it relevant to establish guilt for the charged offenses. The State actually jeopardizes its cases when it does so and ignores the appropriate balancing between relevance and undue prejudice. The State’s case at trial should have been simple and straightforward. Several eyewitnesses identified Harrison and
 
 *414
 
 McClendon as the shooters. Eschewing simplicity, the State interjected numerous irrelevant and prejudicial facts. We are mindful that some evidence of the neighborhood setting and dynamics was relevant. Even some evidence related to the traffic stop was admissible to show that a gun belonging to Harrison, which matched casings found at the shooting scene, was recovered at that time. Beyond that, the collateral crimes evidence should have been excluded.
 

 Despite the evidentiary error, in light of the quality and quantity of the evidence, we are convinced beyond a reasonable doubt that the error was harmless.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). The jury was able to focus on the evidence and testimony about the charged offenses. We cannot conclude that the error infected the trial or verdicts.
 

 Affirmed.
 

 CASANUEVA, C.J., and SILBERMAN, J., Concur.