KHOUZAM, Judge.
Eugene Betts filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(c),[1] claiming that his counsel was ineffective for failing to argue that the then-standard jury instruction given on attempted voluntary manslaughter (also called manslaughter by act) was fundamentally erroneous because it indicated that a conviction for manslaughter required proof of an intent to kill. Because we agree with Betts’ argument as to two of his four convictions at issue, we grant his petition in part, deny it in part, and certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
After a shootout between Betts and the police, Betts was charged with four counts of attempted first-degree murder. Because attempted second-degree murder and attempted voluntary manslaughter are category one lesser-included offenses of attempted first-degree premeditated murder, the jury was given the following then-standard instruction:
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt:
EUGENE JERMAINE BETTS committed an act ..., which was intended to cause the death of Sergeant Gene Strickland or David Duncan or Ricky Brown or Greg Cotner and would have resulted in the death of Gene Strickland or David Duncan or Ricky Brown or Greg Cotner except that someone prevented EUGENE JERMAINE BETTS from killing him or he failed to do so.
See Fla. Std. Jury Instr. (Crim.) 6.2. The jury found Betts guilty of the lesser-included offenses of attempted second-degree murder on two counts and attempted voluntary manslaughter on the remaining two counts.
At the time Betts’ appeal was initiated and the initial brief filed, this court had held that the given voluntary manslaughter instruction did not erroneously add an intent-to-kill element to the crime of manslaughter, see Zeigler v. State, 18 So.3d 1239, 1244-45 (Fla. 2d DCA 2009), but the Florida Supreme Court had accepted review of a First District opinion reaching the opposite conclusion, see Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), review granted, State v. Montgomery, 11 So.3d 943 (Fla.2009). In Zeigler, we held that the instruction — though it included language that could be interpreted to add an intent-to-kill element — was not erroneous when considered as a whole. We also certified conflict with the First District’s Montgomery decision. After Betts’ direct appeal had already been resolved, the Florida Supreme Court effectively overruled Zeigler by approving the First District’s Montgomery decision. See State v. Montgomery, 39 So.3d 252 (Fla.2010). The supreme court found the instruction fundamentally erroneous because it required the jury to find that the defendant intended to kill the victim and the offense of manslaughter is only one step removed from second-degree murder. Id. at 259.
Then, based on the supreme court’s Montgomery decision, this court held that the standard attempted voluntary manslaughter instruction constitutes fundamental error when the defendant is convicted of attempted second-degree murder. Mueller v. State, 100 So.3d 47 (Fla. 2d DCA 2011); Houston v. State, 87 So.3d 1 *80 (Fla. 2d DCA 2011); Gonzalez v. State, 40 So.3d 60 (Fla. 2d DCA 2010). In Mueller and Houston, this court specifically held that the error in the attempted manslaughter instruction was fundamental because the offense of attempted manslaughter is only one step removed from the offense of attempted second-degree murder. Mueller, Houston.
For his claim of ineffective assistance of appellate counsel to be successful, Betts must show that appellate counsel’s performance was deficient and that the deficiency compromised the appellate process so severely as to undermine confidence in the accuracy and fairness of the result. See Curry v. State, 64 So.3d 152, 155 (Fla. 2d DCA 2011) (quoting Del Valle v. State, 52 So.3d 16, 18 (Fla. 2d DCA 2010)). We conclude that Betts’ counsel was ineffective in failing to argue, based on the First District’s decision in Montgomery, that the instruction given in this case was fundamentally erroneous as to the second-degree murder convictions. And Betts was prejudiced by counsel’s failure because if counsel had raised the argument, we would have been compelled to certify conflict with the First District’s decision in Montgomery and Betts would ultimately have been afforded relief as part of the direct appeal process. Because a new appeal would be redundant in this case, we reverse Betts’ attempted second-degree murder convictions, vacate the sentences, and remand for a new trial. See id. at 156.
We also note that in Williams v. State the Fourth District has held that the attempted manslaughter by act instruction is not fundamentally erroneous. 40 So.3d 72, 73-75 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011). Thus, we certify conflict with Williams.
As to Betts’ attempted manslaughter convictions, however, we hold that counsel was not ineffective in failing to raise the same argument. The supreme court in Montgomery held that the addition of the intent-to-kill element in the voluntary manslaughter instruction interfered with the exercise of the jury’s “ ‘pardon’ power,” making it impossible to determine if the jury would have found Montgomery guilty of manslaughter rather than second-degree murder had it been properly instructed on the elements of voluntary manslaughter. 39 So.3d at 259. But here, the addition of the intent-to-kill element in the attempted voluntary manslaughter instruction did not prevent the jury from finding Betts guilty of a necessarily lesser-included offense. In fact, the improper inclusion of the additional element in the instruction made it more — not less — difficult for the State to obtain convictions for attempted voluntary manslaughter. See Rivera v. State, 29 So.3d 1139, 1140-41 (Fla. 1st DCA 2009).
Petition granted in part and denied in part; conflict certified.
NORTHCUTT and WALLACE, JJ., Concur.

. Rule 9.141(c) has since been changed to rule 9.141(d).