CASANUEVA, Judge.
Derick Deravil, in the sole ground in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), contends that the instruction provided to the jury for attempted manslaughter by act, also known as attempted voluntary manslaughter, constituted fundamental error. We agree, reverse Deravil’s conviction for attempted second-degree murder with a weapon, vacate the sentence, and remand for a new trial.
This case is controlled by our decisions in Betts v. State, 100 So.3d 78, 2011 WL 6058312 (Fla. 2d DCA 2011), and Banek v. State, 75 So.3d 762 (Fla. 2d DCA 2011). Deravil was charged with attempted first-degree premeditated murder and was convicted of the category one lesser-included offense of attempted second-degree murder with a weapon.[1] Attempted manslaughter by act is also a category one lesser-included offense of attempted first-degree premeditated murder. Betts, 100 So.3d at 79; Fla. Std. Jury Instr. (Crim.) 6.2. The trial court gave the standard instruction on attempted voluntary manslaughter. This instruction was fundamentally erroneous because it imposed an additional element of intent to kill.[2] See Betts, 100 So.3d at 79; Banek, 75 So.3d at 764. The initial brief in Deravil v. State, 49 So.3d 241 (Fla. 2d DCA 2010) (table decision), was filed subsequent to the supreme court’s decision in State v. Montgomery, 39 So.3d 252 (Fla.2010), which held that the then standard manslaughter-by-act instruction was fundamentally erroneous because it improperly contained an intent-to-kill element. In Montgomery, the Florida Supreme Court approved of *1174 the First District’s decision in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009). Furthermore, prior to the filing of the initial brief in Deravil, the First District held that the standard attempted manslaughter-by-act instruction was fundamentally erroneous. Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009).
We therefore conclude that appellate counsel rendered ineffective assistance in failing to argue that the attempted manslaughter by act instruction constituted fundamental error. See Betts, 100 So.3d at 80 (holding that appellate counsel was ineffective in failing to argue, based on the First District’s decision in Montgomery, that the standard attempted manslaughter-by-act instruction was fundamentally erroneous where Betts was charged with attempted first-degree premeditated murder and convicted of the necessary lesser-included offense of attempted second-degree murder). Because a new appeal would be redundant in this case, we reverse Deravil’s conviction for attempted second-degree murder with a weapon,[3] vacate the sentence, and remand for a new trial. See Betts, 100 So.3d at 80; Banek, 75 So.3d at 765. As we did in Betts, we certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
Petition granted.
WALLACE and MORRIS, JJ., Concur.

. Deravil was also convicted of aggravated battery causing great bodily harm with a weapon and felony battery. The trial court subsequently dismissed the felony battery conviction.

. This was the standard instruction at the time of trial, and it still is today. See Fla. Std. Jury Instr. (Crim.) 6.6.

. Our decision does not affect Deravil's conviction for aggravated battery causing great bodily harm with a weapon.