DAVIS, Judge.
Sascha Weber, in the sole ground in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), contends that his appellate counsel was ineffective in failing to argue that the standard instruction provided to the jury for attempted manslaughter by act, also known as attempted voluntary manslaughter, constituted fundamental error because it imposed an additional element of intent to kill.[1] We agree.
This case is controlled by our decision in Betts v. State, — So.3d -, 2011 WL 6058312 (Fla. 2d DCA 2011). Both Weber and Betts were charged with attempted first-degree premeditated murder, and both were convicted of the category one lesser-included offense of attempted sec *974 ond-degree murder with a weapon. Attempted manslaughter by act is also a category one lesser-included offense of attempted first-degree premeditated murder. Betts, — So.Sd at -; see also Fla. Std. Jury Instr. (Crim.) 6.2. In Betts, this court held that the standard attempted manslaughter by act instruction was fundamentally erroneous because it imposed an additional element of intent to kill. — So.3d at-.
Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), was the first case to hold that the then standard manslaughter by act instruction was fundamentally erroneous because it improperly contained an additional element of intent to kill. In Betts, the initial brief in the direct appeal was filed after the issuance of the First District’s opinion in Montgomery. This court therefore concluded that Betts’ appellate counsel was ineffective in failing to argue, based on the First District’s Montgomery decision, that the standard attempted manslaughter by act instruction was fundamentally erroneous. — So.3d at -.
Here, the initial brief in Weber’s direct appeal of his judgment and sentence also was filed subsequent to the issuance of the First District’s Montgomery decision.[2] We therefore conclude that Weber’s appellate counsel was ineffective in failing to argue that the standard attempted manslaughter by act instruction was fundamentally erroneous.
Because a new appeal would be redundant in this case, we reverse Weber’s conviction for attempted second-degree murder, vacate the sentence, and remand for a new trial. See Betts, — So.3d at-. As we did in Betts, we certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
Petition granted.
LaROSE and CRENSHAW, JJ„ Concur.

. The standard manslaughter by act instruction provided to the jury at Weber's trial remains the standard instruction. See Fla. Std. Jury Instr. (Crim.) 6.6. However, there is a proposed amended instruction pending supreme court approval that would remove the intent to kill element. Banek v. State, 75 So.3d 762, 764 n. 1 (Fla. 2d DCA 2011).

. We note that the First District's opinion in Lamb v. State, 18 So.3d 734, 735 (Fla. 1st DCA 2009), wherein the court held that the giving of the attempted manslaughter by act instruction constituted fundamental error in that case, also was issued prior to the filing of Weber’s initial brief on direct appeal and was available to appellate counsel.