NORTHCUTT, Judge.
We previously affirmed Edward Arnold’s conviction for attempted second-degree murder. Arnold v. State, 46 So.3d 52 (Fla. 2d DCA 2010) (table decision). Thereafter, Arnold filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(d), alleging that his appellate counsel was ineffective. He contends that counsel was deficient in failing to argue that his jury was given a fundamentally erroneous instruction on attempted manslaughter by act. We agree.
Arnold was charged with attempted first-degree premeditated murder and was convicted of the category one lesser-included offense of attempted second-degree murder.[1] Attempted manslaughter by act, commonly referred to as attempted voluntary manslaughter, also is a category one lesser-included offense of attempted first-degree premeditated murder. Betts v. State, — So.3d —, —, 2011 WL 6058312 (Fla. 2d DCA 2011); Fla. Std. Jury Instr. (Crim.) 6.2. At Arnold’s trial, the jury was given the standard instruction on attempted manslaughter by act.
The notice of appeal in Arnold’s case was filed after the First District decided Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), in which it held that the then-standard manslaughter by act instruction was fundamentally erroneous because it improperly contained an additional element of intent to kill.[2] The day after the notice was filed, the supreme court accepted the Montgomery decision for review. State v. Montgomery, 11 So.3d 943 (Fla. 2009). Before Arnold’s initial brief was filed, the First District issued Lamb v. State, 18 So.3d 734, 735 (Fla. 1st DCA 2009), extending Montgomery to hold that it was fundamental error to give the standard instruction on attempted manslaughter by act. This court subsequently came to that view. Mueller v. State, — So.3d —, 2011 WL 4104912 (Fla. 2d DCA 2011); Houston v. State, 87 So.3d 1 (Fla. 2d DCA 2011); Gonzalez v. State, 40 So.3d 60 (Fla. 2d DCA 2010).
Under materially identical circumstances, we held that appellate counsel in Betts was ineffective for failing to argue that the standard attempted manslaughter by act instruction was fundamentally erroneous. — So.3d at —. Guided by that *1096 decision, we reach the same conclusion in Arnold’s case.
Because a new appeal would be redundant in this case, we reverse Arnold’s conviction for attempted second-degree murder, vacate the sentence, and remand for a new trial. See Betts, — So.3d at —. As we did in Betts, we certify that our decision is in conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
Petition granted; conflict certified.
WALLACE and MORRIS, JJ., Concur.

. The jury also found that Arnold discharged a firearm causing great bodily harm.

. The manslaughter by act instruction given to the jury at Arnold’s trial continues to be the standard instruction. See Fla. Std. Jury Instr. (Crim.) 6.6. However, a proposed amended instruction awaiting supreme court approval would remove the intent to kill element. Ba-nek v. State, 75 So.3d 762, 764 n. 1 (Fla. 2d DCA 2011).