WHATLEY, Judge.
Joshua McClendon, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), raises three claims of ineffective assistance of appellate counsel. We deny two claims without comment. In the remaining claim, McClendon contends that appellate counsel was ineffective in failing to argue that the standard jury instruction for attempted manslaughter by act that was provided to the jury constituted fundamental error because it improperly imposed an additional element of an intent to kill.
McClendon was charged with two counts of attempted first-degree premeditated murder. Following a jury trial, he was convicted of the lesser-included offenses of attempted second-degree murder and improper exhibition of a firearm. The jury was instructed on both attempted second-degree murder and attempted manslaughter by act as category one lesser-included offenses of attempted first-degree premeditated murder. See Fla. Std. Jury Instr. (Crim.) 6.2. The State, in its response to the petition, acknowledges that our decision in this case is governed by this court’s opinion in Betts v. State, — So.3d —, 2011 WL 6058312 (Fla.2011),[1] and that McClendon is entitled to relief.
Accordingly, because a new appeal would be redundant in this case, we re *1132 verse McClendon’s attempted second-degree murder conviction,[2] vacate the sentence, and remand for a new trial. See Betts, — So.3d —. As we did in Betts, we certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
Petition granted in part and denied in part; conflict certified.
DAVIS and VILLANTI, JJ., Concur.

. As in Betts, the notice of appeal from the judgment and convictions in the present case was filed subsequent to both the issuance of Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla. 2010), which was the first case to hold that the then standard manslaughter by act instruction was fundamentally erroneous be *1132 cause it imposed an additional element of an intent to kill, and the unpublished opinion of the supreme court accepting review of that decision.

. McClendon’s conviction for improper exhibition of a firearm is not affected by our decision in this case.