LaROSE, Judge.
Myreon Harrison, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), alleges that appellate counsel was ineffective in failing to argue that the standard jury instruction for manslaughter by act that was provided to the jury constituted fundamental error because it improperly imposed an additional element of intent to kill. We agree, grant the petition, and certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla.2011).
Our decision is governed by our opinion in McClendon v. State, 93 So.3d 1131 (Fla. 2d DCA 2012). Mr. Harrison was Mr. McClendon’s codefendant. They were tried together, and a jury convicted both of attempted second-degree murder and improper exhibition of a firearm. Harrison v. State, 61 So.3d 412, 412-13 (Fla. 2d DCA 2010). This court affirmed their judgments and sentences on direct appeal. Id. Mr. McClendon filed a petition pursuant to rule 9.141(d) contending that his appellate counsel was ineffective in failing to argue that the attempted manslaughter by act instruction was fundamentally erroneous. McClendon, 93 So.3d at 1131. The State conceded error but requested that we certify conflict with Williams. Id. In the current proceeding, the State similarly concedes that Mr. Harrison is entitled to relief. Accordingly, because a new appeal would be redundant, we reverse Mr. Harrison’s conviction for attempted second-degree murder,[1] vacate the sentence, and remand for a new trial. See id. at 1131— 32.
Petition granted; conflict certified.
BLACK and NORTHCUTT, JJ., Concur.

. Our decision in this case does not affect Mr. Harrison’s conviction for improper exhibition of a firearm.