PER CURIAM.
Joseph Coleman raises two grounds for relief in his petition alleging ineffective assistance of appellate counsel filed pursuant to Florida Rule of Appellate Procedure 9.141(d). We deny without comment the claim raised in ground two of the petition. In ground one, Coleman alleges that counsel was ineffective for failing to argue that the standard instruction provided to the jury for attempted manslaughter by act constituted fundamental error. We agree that appellate counsel was ineffective in failing to raise this issue, and we conclude that Coleman is entitled to a belated direct appeal on this issue only.
We first note that subsequent to the filing of the present petition, the supreme court in Williams v. State, — So.2d-, 38 Fla. L. Weekly S99 (Fla. Feb. 14, 2013), held that the use of the standard attempted manslaughter by act instruction constituted fundamental error when the defendant was convicted of attempted second-degree murder because the instruction improperly contained an intent-to-kill element [1] and the offense of attempted manslaughter by act is not more than one step removed from the offense of attempted second-degree murder. Id. at-, S100-02. In determining that the attempted manslaughter by act instruction was fundamentally erroneous under the facts of that case, the court relied on its opinion in State v. Montgomery, 39 So.3d 252, 258 (Fla.2010), which held that the use of the then-standard manslaughter by act *972 instruction constituted fundamental error when Montgomery was convicted of second-degree murder because it contained an additional element of intent to kill. Williams, — So.2d at -, 38 Fla. L. Weekly at S101. Citing to Houston v. State, 87 So.3d 1 (Fla. 2d DCA 2011), the supreme court noted that this court was one of the four District Courts of Appeal to hold that the standard manslaughter by act instruction was fundamentally erroneous because it added an intent-to-kill element. Williams, — So.2d at -, 38 Fla. L. Weekly at S102.
We must now determine whether Coleman’s counsel was ineffective in failing to raise the error in the attempted manslaughter instruction. Our decision in this case is controlled by our opinion in Deravil v. State, 98 So.3d 1172, 1173-74 (Fla. 2d DCA 2012), wherein we held that Deravil’s appellate counsel was ineffective in failing to argue that the attempted manslaughter instruction was fundamentally erroneous. Deravil was charged with attempted first-degree premeditated murder and was convicted of the lesser-included offense of attempted second-degree murder with a weapon.[2] Both attempted second-degree murder and attempted manslaughter by act are necessarily lesser-included offenses of attempted first-degree premeditated murder. Id. at 1173. Deravil’s jury was provided the standard attempted manslaughter by act instruction which improperly imposed an additional element of intent to kill. Id. Coleman was charged with attempted first-degree murder and convicted of attempted second-degree murder with a firearm.[3] Coleman’s jury was also provided the standard attempted manslaughter by act instruction.
The initial brief in Deravil’s direct appeal was filed subsequent to the issuance of the supreme court’s opinion in Montgomery and subsequent to the issuance of Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009), approved by Williams, — So.2d at -, 38 Fla. L. Weekly at S100, wherein the First District held that the standard attempted manslaughter by act instruction was fundamentally erroneous. Deravil, 98 So.3d at 1173. The initial brief in Coleman’s direct appeal was also filed subsequent to the issuance of both Montgomery and Lamb. We therefore conclude that Coleman’s appellate counsel rendered ineffective assistance in failing to argue that the attempted manslaughter by act instruction constituted fundamental error. See Deravil, 98 So.3d at 1173-74.
We grant the petition with instructions to the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days from the date of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
Petition denied in part and granted in part with directions.
ALTENBERND, CRENSHAW, and BLACK, JJ., Concur.

. A proposed amended instruction awaiting supreme court approval would remove the intent-to-kill element from the standard attempted manslaughter by act instruction. Banek v. State, 75 So.3d 762, 764 n. 1 (Fla. 2d DCA 2011).

. Williams was also charged with attempted first-degree murder and was convicted of attempted second-degree murder. Williams, — So.2d at-, 38 Fla. L. Weekly at S100.

. Coleman was also convicted of kidnapping as charged in count two of the information. This court affirmed Coleman's convictions and the sentences imposed thereon. Coleman v. State, 63 So.3d 760 (Fla. 2d DCA 2011) (table decision).