ALTENBERND, Judge.
Kevin Ellisworth Sanders has filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(d), claiming that his appellate attorney should have challenged, as fundamental error, the trial court’s use of the standard jury instruction for attempted manslaughter by intentional act.[1] He is currently serving sentences for attempted second-degree murder and conspiracy to commit armed burglary. We conclude that he is entitled to no relief concerning his conspiracy conviction and the resulting sentence of fifteen years in prison.[2] We agree that, under the holdings in State v. Montgomery, 39 So.3d 252 (Fla.2010), and Gonzalez v. State, 40 So.3d 60, 61-62 (Fla. 2d DCA 2010), he is entitled to relief as to the conviction for attempted second-degree murder.
In August 2008, Mr. Sanders was allegedly owed a debt from one of the two victims in this case. In an effort to obtain payment, Mr. Sanders and two other men armed themselves with a handgun and a machine gun and drove to the debtor’s house. Mr. Sanders and one of his accomplices climbed over a backyard fence. Mr. Sanders apparently had the machine gun, and his accomplice had the handgun. They confronted the debtor and another man, who was the debtor’s friend, in the backyard. It appears that the accomplice shot the debtor’s friend in the leg. Mr. Sanders discharged the machine gun, possibly by accident, but fortunately he did not wound anyone.
The State charged Mr. Sanders with attempted first-degree murder and several counts of conspiracy. He was convicted of the lesser-included offense of attempted second-degree murder with a weapon and as charged on the conspiracy charges. The jury found that he possessed a firearm during this offense, but it did not find that he discharged the weapon. On appeal, this court affirmed the conviction and sentence for attempted second-degree murder, but we reversed Mr. Sanders’ convictions and sentences on the three conspiracy counts, remanding to the trial court with instructions to enter a judgment and sentence for one count of conspiracy. Sanders v. State, 46 So.3d 150 (Fla. 2d DCA 2010).
It is now well established that, at least barring unusual circumstances, a defendant is entitled to relief in this context and is entitled to a new trial on the attempted homicide charge. See Pierce v. State, 121 So.3d 1091 (Fla. 5th DCA 2013); Coleman v. State, 110 So.3d 971 (Fla. 2d DCA 2013); McClendon v. State, 93 So.3d 1131 (Fla. 2d DCA 2012); Arnold v. State, *415 93 So.3d 1094 (Fla. 2d DCA 2012). There being no reason to deviate from this law in this case, we grant Mr. Sanders the same relief. Accordingly, Mr. Sanders is entitled to have his attempted second-degree murder conviction set aside. Because a new appeal would be redundant in this instance, we reverse Mr. Sanders’ attempted second-degree murder conviction, vacate the sentence, and remand for a new trial.
On remand, we caution the trial court that the language in the count charging attempted murder is quite unusual. Although it appears likely that the jury concluded that Mr. Sanders was a principal in the shooting of the debtor’s friend, the information and the resulting jury instructions create some ambiguity as to whether the victim of the attempted homicide was the debtor or his friend. This confusion should be resolved before any retrial.
Petition granted.
CASANUEVA and SILBERMAN, JJ., Concur.

. In his second ground for relief, Mr. Sanders contends that trial counsel was ineffective for not moving to suppress his confessions. Ineffective assistance of trial counsel is not a cognizable claim under rule 9.141(d), so we deny this claim without further comment.

. Our record contains nothing that would require the reversal of the fifteen-year sentence as a result of the relief we grant in this opinion. We do not, however, foreclose Mr. Sanders from seeking a resentencing on the conspiracy conviction if our opinion in this case alters a scoresheet or otherwise results in circumstances justifying a resentencing for that conviction.