NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

INNOCENT GEDEHOMME,           )
                              )
          Appellant,          )
                              )
v.                            )     Case No. 2D13-4694
                              )
STATE OF FLORIDA,             )
                              )
          Appellee.           )
_____)

Opinion filed April 1, 2015.

Appeal from the Circuit Court for Manatee
County; Thomas Krug, Judge.

Howard L. Dimmig, II, Public Defender, and
Mark C. Katzef, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Tampa, for Appellee.


CRENSHAW, Judge.

          In this Anders[1] appeal, Innocent Gedehomme challenges his conviction

for sexual battery on a person over twelve (no serious bodily injury) and attendant

sentence to ten years' prison. We affirm the conviction and incarcerative portion of the

_____

          [1]Anders v. California, 386 U.S. 738 (1967).

sentence without comment.  But because the court erred in failing to consider Gedehomme's motion to correct sentencing errors filed under Florida Rule of Criminal Procedure 3.800(b)(2) on the merits, we reverse the cost order and remand for further consideration thereof.

When appealing to this court, Gedehomme's counsel filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738 (1967), and In re Anders Briefs, 581 So. 2d 149 (Fla. 1991).  We directed Gedehomme that he could file a pro se brief.  He did so and challenged the court's failure to rule on his motion to correct sentencing error filed under rule 3.800(b)(2).  In his motion, he had challenged two costs imposed on him: the public defender fee and investigative costs.  Concluding there was arguable merit to his claim, see In re Anders Briefs, 581 So. 2d at 151, we directed counsel to brief whether it was error to strike Gedehomme's pro se motion and to address the costs issues he raised.  Counsel then did so and the State responded, conceding error as to the court striking the motion and as to the public defender fee.

A rule 3.800(b)(2) motion is the appropriate mechanism to seek relief from the erroneous imposition of costs.  Jackson v. State, 983 So. 2d 562, 574 (Fla. 2008). The court struck Gedehomme's motion pursuant to Coffelt v. State, 905 So. 2d 269, 270 (Fla. 2d DCA 2005), concluding that because Gedehomme was counseled when his pro se motion was filed, it must be stricken.  This was error because Gedehomme was not counseled for purposes of the motion based on appellate counsel's filing an Anders brief and because the motion was timely filed.  See Lopez v. State, 905 So. 2d 1045, 1047 (Fla. 2d DCA 2005) abrogated on other grounds as stated in Pifer v. State, 59 So. 3d

225, 228 (Fla. 2d DCA 2011). Thus the court should have considered the motion on the merits.

The filing of the rule 3.800(b)(2) motion preserved the errors raised therein for our review. See Jackson, 983 So. 2d at 571. Gedehomme challenges that he was not given an opportunity to request a hearing regarding the cost for his public defender. See § 938.29, Fla. Stat. (2012). This is error, and the State concedes as much. See McMillan v. State, 8 So. 3d 1237, 1238 (Fla. 2d DCA 2009). Accordingly, we reverse the cost judgment. The court may reimpose the $100 public defender fee but only after proper notice and the opportunity for Gedehomme to be heard on that issue. See id.

Gedehomme also challenges that the investigatory costs are not supported by competent, substantial evidence. See § 938.27. The sentencing court had before it the Manatee County Sheriff Office's form affidavit, and the State argues that this is sufficient. But that affidavit reflects a "0" for all of the individualized costs and a flat fee of $200 imposed in felony cases. We have found support for imposing a flat fee in neither the Florida Statutes nor in the Manatee County ordinances. We infer that this is a matter of internal policy in the Sheriff's Office, which, of course, simply fails to be competent, substantial evidence. Accordingly, we also reverse the cost order to the extent that it imposes the $200 fee for investigatory costs. On remand, the court may reimpose investigatory costs if properly substantiated.

Affirmed in part, reversed in part, and remanded with directions.

LaROSE and SLEET, JJ., Concur.