NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| TERRELL D. FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-2958 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Opinion filed August 24, 2018.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Polk County;
Glenn T. Shelby, Judge.

Terrell D. Franklin, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Respondent.


LaROSE, Chief Judge.

Terrell D. Franklin filed a petition under Florida Rule of Appellate

Procedure 9.141(d). He maintains that his appellate counsel was ineffective for failing

to argue in his direct appeal that the jury instruction for attempted manslaughter by act

was fundamentally erroneous. We agree and grant his petition.

The State charged Mr. Franklin with attempted first-degree murder. At trial in 2013, the victim's mother-in-law described a fight between Mr. Franklin and the victim. Mr. Franklin pointed a gun at the victim's head. The victim grabbed Mr. Franklin's hand and they struggled for the gun. The gun fired, and a bullet hit the victim.

The victim testified that Mr. Franklin approached him, pointed a gun at his head, and pulled the trigger. When the gun did not fire, Mr. Franklin lowered the gun, hit it, and chambered a bullet. The victim grabbed Mr. Franklin's arms to prevent Mr. Franklin from again pointing the gun at his head. Mr. Franklin fired the gun, and the bullet hit the victim in the chest. Both the victim and his mother-in-law identified Mr. Franklin as the perpetrator. Mr. Franklin claimed misidentification. His girlfriend testified that she observed the offense and that Mr. Franklin was not involved.

The trial court instructed the jury on the lesser-included offenses of attempted second-degree murder and attempted manslaughter by act. The instruction for attempted manslaughter by act stated, in relevant part, as follows:

> To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt: Terrell Franklin committed an act which was intended to cause the death of [the victim], and would have resulted in the death of [the victim] except that someone prevented Terrell Franklin from killing [the victim] or he failed to do so.[1]

The jury convicted Mr. Franklin of attempted second-degree murder.

Well before Mr. Franklin's trial, we held that the same instruction for attempted manslaughter by act erroneously added an element of intent to kill that is not

---

[1]This instruction is consistent with the then-standard instruction for attempted manslaughter by act. The instruction was amended in 2014. See In re Standard Jury Instructions In Criminal Cases–Instruction 6.6, 132 So. 3d 1124 (Fla. 2014).

in the statutory definition of the crime.  Gonzalez v. State, 40 So. 3d 60, 61-62 (Fla. 2d DCA 2010) (citing State v. Montgomery, 39 So. 3d 252 (Fla. 2010)).  We concluded that the error in giving this instruction is fundamental when the defendant is convicted of a crime no more than one step removed from the improperly instructed offense.  Id.  The supreme court approved this reasoning.  Williams v. State, 123 So. 3d 23, 29-30 (Fla. 2013).  Mr. Franklin's appellate counsel did not raise this fundamental error in Mr. Franklin's direct appeal.

To establish ineffective assistance of appellate counsel, a petitioner must show that counsel performed deficiently and that "the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result."  Downs v. Moore, 801 So. 2d 906, 909-10 (Fla. 2001) (quoting Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla. 1985)).  To determine whether appellate counsel performed deficiently, this court applies the law in effect at the time of the appeal; we apply current law to determine whether confidence in the fairness and correctness of the appellate result is undermined.  Horne v. State, 128 So. 3d 953, 956 (Fla. 2d DCA 2013) (citing Brown v. State, 25 So. 3d 78, 80 (Fla. 2d DCA 2009)).

Mr. Franklin's appellate counsel's failure to raise this fundamental error constituted deficient performance in the direct appeal.  See Coleman v. State, 110 So. 3d 971, 972 (Fla. 2d DCA 2013) ("Coleman's appellate counsel rendered ineffective assistance in failing to argue that the attempted manslaughter by act instruction constituted fundamental error."); Deravil v. State, 98 So. 3d 1172, 1174 (Fla. 2d DCA 2012) (holding that "appellate counsel rendered ineffective assistance in failing to argue

- 3 -

that the attempted manslaughter by act instruction constituted fundamental error"); Betts v. State, 100 So. 3d 78, 80 (Fla. 2d DCA 2011) (holding the same).

Applying the most recent refinements of the law stemming from State v. Montgomery, 39 So. 3d 252 (Fla. 2010), we conclude that the error was fundamental in Mr. Franklin's case. The jury acquitted Mr. Franklin of attempted first-degree premeditated murder. Thus, the erroneous instruction for manslaughter by act rendered attempted second-degree murder the only viable lesser included offense. See State v. Dominique, 215 So. 3d 1227, 1231 (Fla. 2017) ("[W]here second-degree murder is the only viable lesser included offense when the jury finds there is no intent to kill, the error in the manslaughter by act instruction in requiring an intent to cause death is fundamental if the defendant is convicted of second-degree murder . . . .").

The jury was not instructed on other next lesser included offenses, so there is no possibility that the error could have been "cured." Id. at 1234-35 (holding that the manslaughter by culpable negligence instruction can "cure the fundamental error created by the erroneous manslaughter by act instruction where the evidence does reasonably support manslaughter by culpable negligence"); see also McCloud v. State, 209 So. 3d 534, 542 (Fla. 2017) (holding that the fundamental error caused by the manslaughter by act instruction was cured because the jury was instructed on third-degree felony murder and manslaughter by culpable negligence, both of which were "one step removed from the offense of conviction and supported by the evidence"). Further, Mr. Franklin's trial defense was misidentification; he conceded that the victim was shot, but he did not concede the element of intent. See Griffin v. State, 160 So. 3d 63, 70 (Fla. 2015) (holding that the jury instruction for manslaughter by act constituted

fundamental error because Mr. Griffin was convicted of second-degree murder and did not concede the element of intent, so "proof of that issue remained on the State, and remained in dispute notwithstanding Griffin's defense of misidentification").

Because a new appeal would be redundant, we grant Mr. Franklin's petition, reverse his conviction, vacate his sentence, and remand for a new trial on the attempted homicide charge. See Sanders v. State, 135 So. 3d 413, 414 (Fla. 2d DCA 2014) ("It is now well established that, at least barring unusual circumstances, a defendant is entitled to relief in this context and is entitled to a new trial on the attempted homicide charge.").

Petition granted.

CRENSHAW and ATKINSON, JJ., Concur.